[Cite as *State v. Beechler*, 2014-Ohio-3350.]

IN THE COURT OF APPEALS FOR CLARK COUNTY, OHIO

STATE OF OHIO                                     :

    Plaintiff-Appellee                      :                C.A. CASE NO.    2014 CA 11

v.                                                :                T.C. NO.    09CR72

DANA BEECHLER                                     :                (Criminal appeal from
                                                                   Common Pleas Court)

    Defendant-Appellant                     :

                                                  :

. . . . . . . . . .

# **O P I N I O N**

Rendered on the 1st day of August, 2014.

. . . . . . . . . .

RYAN A. SAUNDERS, Atty. Reg. No. 0091678, Assistant Prosecuting Attorney, 50 E. Columbia Street, Suite 449, Springfield, Ohio 45502
      Attorney for Plaintiff-Appellee

DANA BEECHLER, #606-639, London Correctional Institute, P. O. Box 69, London, Ohio 43140
      Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1}    This matter is before the Court on the pro se Notice of Appeal of Dana

Beechler, filed January 27, 2014. Beechler appeals from the December 9, 2013 decision of the trial court that overruled his motion for relief from judgment. We hereby affirm the judgment of the trial court.

{¶ 2} Beechler was convicted on May 20, 2009, following a trial by jury, on one count of operating a motor vehicle while under the influence of alcohol or drugs ("OMVI"), in violation of R.C. 4511.19(A)(1)(a), having previously been convicted of a violation of division (A) of R.C. 4511.19 (count one), and one count of OMVI in violation of R.C. 4511.19(A)(2), having previously been convicted of a violation of division (A) of R.C. 4511.19 (count two). Each count included a specification that Beechler had, within twenty years of the offense, been previously convicted of five or more violations of R.C. 4511.19(A) or (B), or other equivalent offenses. The trial court determined that the convictions merged for sentencing purposes, and the State elected to proceed to sentencing on count two. The trial court sentenced Beechler to five years on count two, and to an additional five years on the specification, to be served consecutively, pursuant to R.C. 2929.13(G)(2), for an aggregate term of ten years. The court also imposed a fine of $10,500.00, and it suspended Beechler's driver's license for life. This Court affirmed Beechler's conviction and sentence on April 30, 2010. *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900.

{¶ 3} Beechler filed his motion for relief from judgment on November 7, 2013, asserting that "failure to list all the five FELONY, O.V.I. s in the indictment relinquishes jurisdiction to the trial court," and that the "verdict forms were void" in that "there was **no** felony degree listed on the jury verdict forms and there were not five felony O.V.I. s listed

on the fatally flawed specification jury forms or indictment. The trial judge had no authority to sentence the defendant to a specification he was not indicted upon, * * * ." The trial court's entry overruling Beechler's motion provides: "Upon review of the case file, defendant's motion and memorandum, defendant's motion for relief from judgment is not well taken and is hereby OVERRULED."

{¶ 4} Beechler asserts two assignments of error which we will consider together. They are as follows:

"THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT LACKED SUBJECT MATTER JURISDICTION TO SENTENCE THE APPELLANT TO A THIRD DEGREE FELONY THAT WAS NOT ON THE FACE OF THE INDICTMENT CAUSING THE DEFENDANT-APPELLANT'S SENTENCE TO BE VOID."

And,

"THE TRIAL SENTENCING JUDGE HAS NO AUTHORITY OR JURISDICTION TO SENTENCE BEYOND THE TRIAL JURY'S MISDEANOR (sic) JURY VERDICT FORM."

{¶ 5} We agree with the State that Beechler's arguments are barred by the doctrine of res judicata. The Ohio Supreme Court, in *State v. Perry*, 10 Ohio St. 2d 175, 226 N.E.2d 104 (1967), syllabus at ¶ 9, determined:

Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or claimed lack of due process that was raised or could have been raised by

the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.

*See also, State v. Handcock,* 2d Dist. Clark No. 2012-CA-87, 2013-Ohio-3275, ¶ 14 (holding that a verdict form convicting Handcock of carrying a concealed weapon, as a felony of the fourth degree, that neither stated the degree of the offense nor stated that either the firearm was loaded or that the defendant had ammunition ready at hand, was voidable, not void, and that the "error in the verdict form of which Handcock complains, could, and should, have been raised in his direct appeal.")

**{¶ 6}** Although not required to conduct further analysis, we additionally conclude that Beechler's assigned errors lack merit. R.C. 2945.75 provides as follows:

(A) When the presence of one or more additional elements makes an offense one of more serious degree:

(1) The affidavit, complaint, indictment or information either shall state the degree of the offense which the accused is alleged to have committed, or shall allege such additional element or elements. Otherwise, such affidavit, complaint, indictment, or information is effective to charge only the least degree of the offense.

(2) A guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise a guilty verdict constitutes a finding of guilty of the least degree of the offense charged.

**{¶ 7}** R.C. 4511.19(G)(1)(e) provides that "[a]n offender who previously has been

convicted of or pleaded guilty to a violation of division (A) of this section that was a felony, regardless of when the violation and the conviction or guilty plea occurred, is guilty of a felony of the third degree." Although the indictment did not specify the degree of the offenses, both counts provide that Beechler had "previously been convicted of or pleaded guilty to a violation of division (A) of section 4511.19 of the Ohio Revised Code that was a felony, specifically Clark County Common Pleas Court Case Number 05-CR-1041 and/or Clark County Common Pleas Court Case Number 04-CR-0352, and/or Clark County Common Pleas Court Case Number 99-CR-0105." The verdict form for count two provides that the jurors "find that the defendant has previously been convicted of a violation of operating a vehicle while under the influence of alcohol and/or drugs pursuant to Ohio Revised Code Section 4511.19(A) that was a felony."

{¶ 8} Since res judicata bars Beechler's arguments, and since the indictment and verdict forms each include the additional element elevating the offense to a felony of the third degree, Beechler's assignments of error are overruled. The judgment of the trial court is affirmed.

. . . . . . . . . .

HALL, J. and WELBAUM, J., concur.

Copies mailed to:

Ryan A. Saunders
Dana Beechler
Hon. Douglas M. Rastatter