**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *State ex rel. Beechler v. Rastatter,* **Slip Opinion No. 2014-Ohio-4061.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-4061

THE STATE EX REL. BEECHLER, APPELLANT, *v.* RASTATTER, JUDGE, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets,**

**it may be cited as *State ex rel. Beechler v. Rastatter,***

**Slip Opinion No. 2014-Ohio-4061.]**

*Mandamus—Relator had adequate remedy of appeal to challenge sentencing entry—R.C. 2941.1413(C) does not require five felony convictions in previous 20 years to justify additional term of one to five years.*

(No. 2014-0080—Submitted June 24, 2014—Decided September 25, 2014.)

APPEAL from the Court of Appeals for Clark County, No. 13-CA-93.

_____

**Per Curiam.**

{¶ 1}  We affirm the judgment of the court of appeals dismissing relator Dana Beechler's petition for a writ of mandamus.  Beechler requested a writ ordering appellee, Judge Douglas M. Rastatter of the Clark County Common Pleas Court, to vacate the judgment entry sentencing him, which Beechler alleges is void, and preventing Judge Rastatter from continuing any litigation in his case until the judgment entry is vacated.

**{¶ 2}** Because the court of appeals was correct in dismissing Beechler's petition, we affirm.

*Facts*

**{¶ 3}** In 2009, Beechler was convicted in the Clark County Court of Common Pleas of two felony counts of operating a vehicle while intoxicated ("OVI"), each with a specification that he had been convicted of or pled guilty to five or more OVI violations or equivalent offenses within the previous 20 years. The two convictions were merged at sentencing, and the trial court imposed a five-year prison term for the second count and an additional five years for the specification, to be served consecutively. The convictions were affirmed on appeal. *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900.

**{¶ 4}** Beechler filed a complaint for a writ of mandamus in the Second District Court of Appeals in October 2013, naming Judge Rastatter—the judge who had presided over his criminal trial—as respondent. He claimed that his conviction and sentence under the specification were void because he had not been convicted of five felony OVI offenses and the jury never found that he had.

**{¶ 5}** Judge Rastatter moved to dismiss the petition, and Beechler opposed the motion. In January 2014, the court of appeals granted the motion to dismiss, finding that Beechler had adequate remedies at law to challenge his sentencing entry, including appeal. Holding that such remedies preclude a writ of mandamus, the court of appeals dismissed the petition.

**{¶ 6}** Beechler appealed to this court.

*Analysis*

**{¶ 7}** To prevail in this mandamus case, Beechler must establish a clear legal right to the requested relief, a clear legal duty on the part of Judge Rastatter to provide it, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960

N.E.2d 452, ¶ 6. Beechler must prove that he is entitled to the writ by clear and convincing evidence. *Id.* at ¶ 13.

**{¶ 8}** Beechler had an adequate remedy at law by way of appeal. The complaint raises issues relating to the indictment, his convictions, the verdict forms, and his sentence. All of these could have been addressed in his appeal. *State ex rel. Nickleson v. Mayberry*, 131 Ohio St.3d 416, 2012-Ohio-1300, 965 N.E.2d 1000, ¶ 2, and cases cited therein.

**{¶ 9}** The availability of an adequate remedy alone justifies the court of appeals' dismissal of Beechler's case, but even if we were to reach the merits, Beechler's arguments are unavailing. Beechler grounds his arguments primarily in his assertion that he could not have been guilty of the specification under R.C. 2941.1413 because he did not have at least five *felony* OVI convictions in the previous 20 years.

**{¶ 10}** However, the statute does not require the previous OVI convictions to be felonies. R.C. 2941.1413(A) states that an additional term of one to five years may be imposed if "the indictment, count in the indictment, or information charging a felony violation of division (A) of section 4511.19 of the Revised Code specifies that the offender, within twenty years of the offense, previously has been convicted of or pleaded guilty to five or more equivalent offenses." "Equivalent offense" is defined in subsection (B) as having "the same meaning as in section 4511.181 of the Revised Code."

**{¶ 11}** R.C. 4511.181 demonstrates that an "equivalent offense" need not be a felony. Division (A) of that statute defines "equivalent offense" as meaning "any of the following," listing nine offenses. For example, division (A)(1) lists "[a] violation of division (A) or (B) of section 4511.19 of the Revised Code," and (A)(2) lists "[a] violation of a municipal OVI ordinance." These offenses are not necessarily felonies. Violations of R.C. 4511.19(A) and (B) may be misdemeanors. R.C. 4511.19(G)(1)(a) and (H)(1). In addition, municipal OVI

offenses can be misdemeanors. *See, e.g.,* Columbus City Code 2133.01(G)(1)(a). Therefore, an "equivalent offense" for purposes of the specification under R.C. 2941.1413(A) can be either a felony or a misdemeanor, and therefore Beechler's complaint regarding his conviction and sentencing is without merit.

## *Conclusion*

**{¶ 12}** The court of appeals was correct in dismissing Beechler's complaint in mandamus, and we affirm.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Dana Beechler, pro se.

D. Andrew Wilson, Clark County Prosecuting Attorney, and Andrew P. Pickering, for appellee.

_____