[Cite as *State v. Beechler*, 2015-Ohio-4106.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

STATE OF OHIO                      :

                                  :    Appellate Case No. 2014-CA-139

      Plaintiff-Appellee            :

                                    :    Trial Court Case No. 09-CR-72

v.                                        :

                                    :    (Criminal Appeal from

DANA BEECHLER                :     Common Pleas Court)

                                    :

      Defendant-Appellant      :

                                    :

. . . . . . . . . . .

O P I N I O N

Rendered on the 2nd day of October, 2015.

. . . . . . . . . . .

RYAN A SAUNDERS, Atty. Reg. No. 0091678, Clark County Prosecutor's Office, 50 East Columbia Street, 4th Floor, Springfield, Ohio 45502
      Attorney for Plaintiff-Appellee

DANA BEECHLER, #606639, London Correctional Institution, Post Office Box 69, London, Ohio 43140
      Defendant-Appellant, *pro se*

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Dana Beechler appeals pro se from the trial court's denial of his post-conviction September 25, 2014 "Motion to Vacate Sentence for the Specification and or

a New Trial."

{¶ 2} Beechler advances the following three assignments of error:

I. The appellant's motion to vacate sentence for the specification and or a new trial was rejected due to the conflict of interest that exist when the trial judge ruled on the motion that explains how the trial judge violated the appellant's due process rights, abusing its discretion.

II. The appellant's rights to due process of a trial by jury was violated by the trial court when it stipulated to the specification without the appellant's consent or knowledge thereof.

III. The trial court committed plain error when it failed to inquire with the appellant during trial about the OVI specification charge being stipulated to pursuant to Crim.R. 52(B) & violated Civ.R. 8(C) & (D).

{¶ 3} The record reflects that Beechler was convicted in 2009 on two felony counts of operating a vehicle while intoxicated ("OVI"), each with a specification that he had been convicted of or pled guilty to five or more OVI violations or equivalent offenses within the prior 20 years. The convictions merged at sentencing, and the trial court imposed a five-year prison term for the second count and a consecutive five-year prison term for the specification. This court affirmed on direct appeal. *See State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900. Acting pro se, Beechler then sought various forms of post-conviction relief, including a motion for relief from judgment and a petition for a writ of mandamus. We affirmed the trial court's denial of relief from judgment in *State v. Beechler*, 2d Dist. Clark No. 2014-CA-11, 2014-Ohio-3350. The Ohio Supreme Court affirmed the dismissal of his petition for a writ of mandamus in *State ex rel. Beechler v.*

*Rastatter*, 140 Ohio St.3d 343, 2014-Ohio-4061, 18 N.E.3d 433.

{¶ 4} Beechler's present appeal concerns his September 25, 2014 "Motion to Vacate Sentence for the Specification and or a New Trial." (Doc. #52). Therein, he asserted that his trial counsel improperly had stipulated to the prior-offense specification without his knowledge or consent. He argued: "The trial record will show that at no time during trial the Defendant was addressed by the court pertaining to the stipulation of the specification * * *." (*Id*. at 2). As a result, he maintained that he was entitled either to dismissal of the specification and vacation of the sentence thereon or to a new trial. (*Id*. at 3). The trial court summarily overruled Beechler's motion. (Doc. #53). This appeal followed.

{¶ 5} In his first assignment of error, Beechler argues that a conflict of interest should have precluded the trial court judge from ruling on his motion. Beechler asserts that the same judge improperly had permitted the prosecutor and defense counsel to stipulate at trial to the prior-offense specification without his knowledge. That being so, he reasons that the judge should not have been allowed to rule on his motion, which essentially accused that judge of having violated his due process rights by permitting the stipulation.

{¶ 6} Beechler addressed the recusal issue in his September 25, 2014 motion as follows:

> The Defendant would respectfully request the Honorable Judge Douglas M. Rastatter recuse himself from this motion to avoid any further mishap of justice that may arise from the conflict of interest that exist, because Judge Rastatter was the trial Judge that failed to inquire with the

Defendant about the Stipulation that caused the Defendant's case to be prejudiced.

(Doc. #52 at 3).

{¶ 7} The trial court overruled Beechler's motion without addressing the request for recusal. (Doc. #53). On appeal, the State argues that Beechler's first assignment of error is barred by the doctrine of res judicata because the issue it raises could have been raised on direct appeal. (Appellee's brief at 4-5). We find that argument unpersuasive. Beechler plainly could not have raised on direct appeal the trial court's failure to recuse itself from a motion he did not file until years later. We nevertheless find Beechler's first assignment of error unpersuasive. As the State also notes, the only proper procedure when a defendant believes recusal is appropriate is to file an affidavit with the Ohio Supreme Court, which has exclusive authority to determine whether recusal is warranted. *In re A.K.*, 2d Dist. Champaign No. 2013-CA-63, 2015-Ohio-29, ¶19-21. Accordingly, the first assignment of error is overruled.

{¶ 8} In his second assignment of error, Beechler claims the trial court erred in accepting counsel's stipulation at trial to his guilt on the prior-offense specification when the stipulation was made without his knowledge or consent. In this regard, Beechler asserts that the trial court was required by law to address him on the record in open court to assure that he understood the stipulation and wanted to admit the specification. Although we disagree with Beechler's argument, even if what he says is true, he could have raised this issue in his direct appeal. Indeed, if the trial court was required to, but did not, address Beechler on the record in open court to ascertain his understanding of and his agreement to the stipulation, the trial record would reflect that he was not

informed. Beechler essentially admitted this in his motion, asserting: "Nowhere on the record does it show that the Defendant was informed of the stipulation that was going to take place between both parties, and in fact the only people that [were] aware of the stipulation taking place [were] Judge Rastatter and both attorneys and the Court Reporter Lisa Rae Wirkner." (Doc. #52 at 2, citing Trial Tr. pgs. 71-72). Because the record would have shown the error Beechler alleges, he could have raised the trial court's failure to address the stipulation with him as an issue on his prior appeal. The doctrine of res judicata precludes him from raising that issue now. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus ("Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment."). Because he cannot now raise the second assignment of error it is overruled.

{¶ 9} In his third assignment of error, Beechler again contends the trial court erred in failing to inquire on the record in open court about whether he understood and consented to the stipulation to the prior-offense specification. This is essentially the same argument raised in Beechler's second assignment of error. Once again, res judicata applies because he could have raised on direct appeal the trial court's alleged failure to address the stipulation issue with him on the record in open court. The third assignment of error is therefore likewise overruled.

{¶ 10} The judgment of the Clark County Common Pleas Court is affirmed.

. . . . . . . . . . . . .


FAIN, J., and WELBAUM, J., concur.


Copies mailed to:

Ryan A. Saunders
Dana Beechler
Hon. Douglas M. Rastatter