[Cite as *State v. Beechler*, 2017-Ohio-1385.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 2016-CA-44 |
| | : | |
| v. | : | Trial Court Case No. 2009-CR-72 |
| | : | |
| DANA R. BEECHLER | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 14th day of April, 2017.

. . . . . . . . . . .

MEGAN M. FARLEY, Atty. Reg. No. 0088515, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Fourth Floor, Springfield, Ohio 45502
　　　Attorney for Plaintiff-Appellee

DANA R. BEECHLER, Inmate No. 606-639, Franklin Medical Center, 1800 Harmon Avenue, Columbus, Ohio 43223
　　　Defendant-Appellant-Pro Se

. . . . . . . . . . . . .

WELBAUM, J.

**{¶ 1}** In this case, Defendant-Appellant, Dana Beechler, appeals from a trial court judgment overruling Beechler's motion to vacate a void conviction. In support of his appeal, Beechler contends that his trial counsel was ineffective and prejudiced him during trial. Beechler additionally contends that the trial court erred in overruling his motion to vacate, in failing to make findings of fact and conclusions of law, and in refusing to appoint counsel. Further, Beechler contends that the trial court erred by instructing the jury that attorney stipulations are to be taken as true. For the reasons stated below, all the assignments of error are without merit, and the judgment of the trial court will be affirmed.

## I. Facts and Course of Proceedings

**{¶ 2}** This is the latest of several appeals Beechler has filed in our court. In late January 2009, Beechler was indicted on one count of having operated a vehicle under the influence of drugs or alcohol ("OVI") in violation of R.C. 4511.19(A)(1)(a), and one count of OVI in violation of R.C. 4511.19(A)(2). Both counts carried a specification that Beechler had been previously convicted of or had pled guilty to five or more violations of R.C. 4511.19(A) or (B), or equivalent offenses. The indictment listed the specific prior offenses.

**{¶ 3}** Beechler was represented by private counsel at trial, and after a jury trial, was found guilty of both charged offenses and the specifications. For purposes of sentencing, the State elected to proceed on the conviction for having violated R.C. 4511.19(A)(2). The court then sentenced Beechler to five years on this conviction and an additional five years for the specification. These sentences were imposed

consecutively, for a total prison term of ten years.

{¶ 4} Beechler appealed to our court, represented by the same counsel who had represented him at trial. *See State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900 (*Beechler I*). Appellate counsel raised five assignments of error, including: (1) that the trial court erred in finding probable cause for initiating a traffic stop; (2) that the trial court erred in finding probable cause for the arrest; (3) that the trial court erred in allowing misleading prosecution statements during closing arguments; (4) that the conviction was against the manifest weight of the evidence; and (5) that the trial court erred in imposing maximum, consecutive sentences. *Id.* at ¶ 71-124. We rejected all the assignments of error and affirmed the judgment on April 30, 2010. *Id.* at ¶ 139. On August 25, 2010, the Supreme Court of Ohio refused to accept Beechler's appeal from our judgment. *State v. Beechler*, 126 Ohio St.3d 1550, 2010-Ohio-3855, 932 N.E.2d 342.

{¶ 5} On July 2, 2010, Beechler filed an application to reopen his appeal, pursuant to App.R. 26(B), asserting several grounds of ineffective assistance of appellate counsel. *See Beechler v. Timmerman-Cooper*, S.D.Ohio No. 2:11-CV-696, 2012 WL 524440, *4 (Feb. 16, 2012) (*Beechler II*). In *Beechler II*, a magistrate judge recommended dismissal of Beechler's federal action for a writ of habeas corpus. *Id.* at *1.[1]

{¶ 6} The magistrate judge noted that the application to reopen had raised six claims of ineffective assistance of appellate counsel, including counsel's failure to raise

---

[1] The docket in Beechler's direct appeal indicates that he filed a pro se application to reopen his direct appeal on July 2, 2010. We filed a decision and entry rejecting his application to reopen on October 15, 2010, and also rejected his motion for reconsideration in November 2010. Beechler then filed a notice of appeal with the Supreme Court of Ohio on January 4, 2011. However, the Supreme Court of Ohio rejected his appeal on March 16, 2011. *See State v. Beechler*, 128 Ohio St.3d 1428, 2011-Ohio-1049, 943 N.E.2d 574.

the following issues during the direct appeal: (1) trial counsel's failure to move to suppress evidence involving another party when Beechler did not have a co-defendant; (2) trial counsel's failure to request a new trial based on newly discovered evidence; (3) trial counsel's failure to call needed witnesses; (4) trial counsel's failure to object during sentencing that Beechler was "overly fined"; (5) the trial court's abuse of discretion in not granting Beechler's motion to suppress; and (6) the fact that the jury lost its way in finding Beechler guilty of the specification when no evidence was presented at trial about the specification. *Id.* at *4.

{¶ 7} The magistrate judge discussed a four-part analysis that applies in deciding if a federal habeas claim is precluded by a petitioner's failure to observe state procedural rules. *Id.* at *6, citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir.1986). After discussing this standard, the court first considered Beechler's claim that the trial court had "committed plain error by permitting the State to introduce prejudicial evidence regarding his prior record when he did not testify." *Id.* at *7. In a footnote, the magistrate judge stated, concerning this claim, that:

> To the extent that Petitioner alleges that he was denied the effective assistance of trial counsel because his attorney agreed to stipulate to the fact of Petitioner's prior convictions, *see [Petitioner's Traverse*, Doc. No. 11,] Petitioner failed to raise this issue in the state courts and he has, therefore, waived this claim for review in these proceedings.

*Beechler*, S.D.Ohio No. 2:11-CV-696, 2012 WL 524440, at *7, fn.1.

{¶ 8} Ultimately in the habeas decision, which was filed on February 16, 2012, the magistrate recommended that the district court dismiss the action for a writ of habeas

corpus. *Id.* at *16. Although the magistrate judge advised Beechler of his right to file objections to the decision, Beechler failed to do. Consequently, on March 13, 2012, the district judge adopted and affirmed the magistrate judge's decision, and dismissed the action for a writ of habeas corpus. *Beechler v. Timmerman-Cooper*, S.D.Ohio No. 2:11-CV-696, 2012 WL 871205, *1 (March 13, 2012).

{¶ 9} Subsequently, on November 7, 2013, Beechler filed a pro se motion for relief from judgment in the trial court. In this motion, he asserted alleged defects in the indictment and the jury verdict forms, based on the specifications for the prior OVIs. The trial court overruled the motion on December 9, 2013. *See* Doc. #38. After Beechler appealed pro se to our court, we affirmed the trial court's decision. *State v. Beechler*, 2d Dist. Clark No. 2014-CA-11, 2014-Ohio-3350, ¶ 1 (*Beechler III*). Our decision was filed on August 1, 2014.

{¶ 10} In the appeal, Beechler presented two assignments of error, based on the trial court's alleged lack of subject matter jurisdiction (due to defects in the indictment), and on the allegation that the trial court lacked jurisdiction or authority to sentence beyond the trial jury's misdemeanor jury verdict form. *Id.* at ¶ 4. We concluded that Beechler's arguments were barred by res judicata, as they could have been raised on direct appeal. *Id.* at ¶ 5. We also considered the merits of his arguments, and rejected those as well. *Id.* at ¶ 6-7. Beechler appealed from this judgment, but the Supreme Court of Ohio declined to accept jurisdiction. *See State v. Beechler*, 141 Ohio St.3d 1422, 2014-Ohio-5567, 21 N.E.3d 1115.

{¶ 11} On January 2, 2014, Beechler filed another pro se motion for relief from judgment in the trial court, again alleging defects in the indictment and jury forms based

on the OVI specifications. The trial court denied that motion on January 16, 2014, and the record is not clear whether Beechler further appealed; no notice of appeal is included in the docket and journal entries that have been transmitted to us.

{¶ 12} Beechler next filed a pro se motion to vacate his sentence for the OVI specification or for a new trial on September 24, 2014. This time, he argued that trial counsel was ineffective by stipulating to the specification, which was a third degree felony. Beechler claimed in this motion that he was not consulted prior to the stipulation and was not aware of it. He did not file an affidavit in support of this motion, nor did he raise matters outside the record.

{¶ 13} The trial court filed an entry on November 10, 2014, overruling the motion to vacate. *See* Doc. #53. Beechler appealed pro se from the decision, and on October 2, 2015, we affirmed the trial court's judgment. *See State v. Beechler*, 2d Dist. Clark No. 2014-CA-139, 2015-Ohio-4106, ¶ 10 (*Beechler IV*). In this appeal, Beechler asserted three assignments of error: (1) the trial court had a conflict of interest and improperly rejected the motion to vacate the sentence and for a new trial; (2) the trial court violated Beechler's due process rights by stipulating to the specification without Beechler's knowledge or consent; and (3) the court committed plain error by failing to ask Beechler during trial about the OVI stipulation. *Id.* at ¶ 2.

{¶ 14} We rejected the recusal argument because the proper remedy in such situations is to file an affidavit with the Ohio Supreme Court. *Id.* at ¶ 7. We also rejected Beechler's argument about the court's error in accepting the stipulation without his knowledge or consent, because the trial court record would have indicated that he had not been informed. *Id.* at ¶ 8. Since the record would have shown this, Beechler could

have raised it during his direct appeal, and the matter was barred by res judicata. *Id.* We rejected the final assignment of error because it was essentially the same argument that was made in connection with the second assignment of error, and would also have been apparent on the record. *Id.* at ¶ 9.

{¶ 15} Although Beechler appealed from our October 2, 2015 judgment to the Supreme Court of Ohio, the court refused to accept Beechler's appeal. *See State v. Beechler*, 145 Ohio St.3d 1447, 2016-Ohio-1596, 48 N.E.3d 585. The decision of the Supreme Court of Ohio was filed on April 20, 2016.

{¶ 16} The motion currently under appeal was filed in the trial court on May 6, 2016, and was labeled "Motion to Vacate the Void Conviction in Accordance With Revised Code § 2953.21(A)(1)(a)." In the motion, which was verified by Beechler's affidavit, Beechler argued that the record would show that he was not informed that his trial counsel had stipulated to the prior convictions alleged in the specification. On July 18, 2016, the trial court overruled the motion to vacate, and Beechler has timely appealed to our court. On the same day the notice of appeal was filed, Beechler asked the trial court to provide a transcript of the proceedings and to appoint counsel. The trial court denied these motions on August 12, 2016, noting that a transcript had already been provided during the direct appeal and that Beechler was not entitled to counsel.

## II. Alleged Ineffective Assistance of Counsel

{¶ 17} Beechler's First Appointment of Error is as follows:

Trial Counsel Was Unconstitutionally Ineffective and Caused Substantial Prejudice to Appellant During Trial by Jury and Denied the

Appellant Due Process.

{¶ 18} Under this assignment of error, Beechler contends that appellate counsel was ineffective during his direct appeal by failing to assert error based on trial counsel's stipulation to Beechler's prior OVI convictions. According to Beechler, this prejudicially deprived him of his right to require the State to present evidence to the jury that is statutorily required under R.C. 4511.19 and R.C. 4511.99. In response, the State argues that these issues could have been raised on direct appeal and are barred by res judicata.

{¶ 19} R.C. 2953.21(A)(1)(a) provides, in pertinent part, that:

Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

{¶ 20} Under R.C. 2953.21(A)(2), the petition must be filed within 365 days after the date on which the trial transcript is filed in the court of appeals in a defendant's direct appeal. R.C. 2953.21(A)(4) further states that:

A petitioner shall state in the original or amended petition filed under division (A) of this section all grounds for relief claimed by the petitioner. Except as provided in section 2953.23 of the Revised Code, any ground for relief that is not so stated in the petition is waived.

{¶ 21} Before Beechler filed the motion currently under consideration, he had filed a direct appeal, three post-trial motions challenging the trial court's judgment, and an application to reopen his direct appeal. All these filings were unsuccessful.

{¶ 22} Beechler raised ineffective assistance of appellate counsel in his application to reopen his direct appeal, which was overruled in October 2010. He thereafter filed his first motion for relief from judgment in November 2013. This latter filing would properly be characterized as a petition for post-conviction relief and was filed several years after Beechler was convicted, and more than three years after his direct appeal concluded.

{¶ 23} "Courts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged." (Citations omitted.) *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12. Moreover, "where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." *State v. Reynolds*, 79 Ohio St.3d 158, 160, 679 N.E.2d 1131 (1997).[2] *Accord State v. Singleton*, 2d Dist. Montgomery No. 26763, 2016-Ohio-611, ¶ 13.

{¶ 24} Beechler's November 2013 motion to vacate the judgment was clearly untimely, as it was filed more than three years after his direct appeal concluded. Furthermore, Beechler could have raised the issue of ineffective assistance of trial and

---

[2] In *State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522, the Supreme Court of Ohio distinguished *Reynolds*, noting that R.C. 2953.21 and 2953.23 do not govern Crim.R. 32.1 postsentence motions to withdraw guilty pleas. *Id.* at syllabus and ¶ 4. The case before us does not involve any such motions.

appellate counsel during this post-conviction petition. Under R.C. 2953.21(A)(4), any matters not raised at that point would be waived, subject to the exception in R.C. 2953.23, which permits successive petitions for post-conviction relief in certain situations.

{¶ 25} Beechler filed additional post-conviction petitions in January 2014 and in September 2014, both of which were successive petitions. The latter motion specifically raised ineffective assistance of trial counsel in stipulating to the prior convictions.

{¶ 26} R.C. 2953.23(A)(1) allows second or successive petitions for relief seeking relief similar to that provided in R.C. 2953.21, where both of the following conditions apply:

(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

{¶ 27} Beechler's January and September 2014 motions did not satisfy these requirements, and were prohibited under R.C. 2953.23. The motion currently at issue is

also prohibited because it fails to satisfy the requirements in R.C. 2953.23(A)(1)(a) and (b). In this regard, we again note that while Beechler originally characterized his motion as a "motion to vacate," he argues that it is a petition for post-conviction relief, and it is properly classified as a petition for post-conviction relief. *Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, at ¶ 12; *Reynolds*, 79 Ohio St.3d at 160, 679 N.E.2d 1131.

**{¶ 28}** Contrary to the requirements of R.C. 2953.23(A)(1)(a), Beechler does not raise any matters in the current motion that were not in the record; in fact, his motion refers to the fact that the record does not indicate he was informed of the stipulation. By definition, something that is discernible in the record would not be something a defendant has been unavoidably prevented from discovering.

**{¶ 29}** We previously discussed this point in *Beechler IV*, 2d Dist. Clark No. 2014-CA-139, 2015-Ohio-4106, at ¶ 8. Beechler has also failed to point to any facts outside the record, or to claim that he was unavoidably prevented from learning any pertinent facts. Instead, Beechler was aware of the facts years before filing the motion to vacate. *See Beechler*, S.D.Ohio No. 2:11-CV-696, 2012 WL 524440, at *7, fn.1 (discussing Beechler's claim that he was denied the effective assistance of appellate counsel in connection with the stipulation to his prior offenses).

**{¶ 30}** We have previously held that the requirements in R.C. 2953.23(A) "are jurisdictional in nature, and that absent a petitioner's showing that the requisites contained therein have been met, a trial court is without jurisdiction to entertain an untimely petition for post-conviction relief." (Citation omitted.) *State v. Beavers*, 2d Dist. Montgomery No. 20572, 2005-Ohio-1205, ¶ 19. *See also Singleton*, 2d Dist. Montgomery No. 26763,

2016-Ohio-611, at ¶ 15.

**{¶ 31}** We also note that App.R. 26(B)(1) allows defendants to file applications to reopen their appeals based on claims of ineffective assistance of appellate counsel. This rule contains various requirements that must be satisfied, including a statement of assignments of error that were not previously considered, a sworn statement of the basis for the claim, and parts of the record that are available and upon which the defendant has relied. App.R. 26(B)(2)(a)-(e).

**{¶ 32}** As was noted, Beechler availed himself of this remedy in July 2010, when he asked to reopen his appeal, based on claims of ineffective assistance of appellate counsel. His claims about the stipulation could have been raised at that time and are also barred by res judicata. " ' "Once ineffective assistance of counsel has been raised and adjudicated, res judicata bars its relitigation." ' " *State v. Twyford*, 106 Ohio St.3d 176, 2005-Ohio-4380, 833 N.E.2d 289, ¶ 6, quoting *State v. Williams*, 99 Ohio St.3d 179, 2003-Ohio-3079, 790 N.E.2d 299, ¶ 10. (Other citations omitted).

**{¶ 33}** Based on the preceding discussion, the First Assignment of Error is overruled.


III.   Requirement of Making Findings of Facts

**{¶ 34}** Beechler's Second Assignment of Error states that:

> The Trial Court Erred When It Overruled the Appellant's Motion to Vacate the Void Conviction in Accordance With Revised Code 2953.21(A)(1)(a) that Alleges Ineffective Assistance of Counsel[,] and Failed to Make and File Findings of Fact and Conclusions of Law that Is a

Requirement under O.R.C. 2953(C) [sic] With Respect to Dismissal.

**{¶ 35}** Under this assignment of error, Beechler argues that the trial court erred by failing to provide findings of fact and conclusions of law in connection with the dismissal of his motion to vacate. However, a trial court "has no duty to issue findings of fact and conclusions of law on successive or untimely petitions for postconviction relief." (Citations omitted.) *State ex rel. George v. Burnside*, 118 Ohio St.3d 406, 2008-Ohio-2702, 889 N.E.2d 533, ¶ 6. *Accord State v. Garst*, 2d Dist. Clark No. 2014-CA-64, 2014-Ohio-4704, ¶ 13.

**{¶ 36}** In discussing the current assignment of error, Beechler also reiterates the same points he has made in prior appeals. Among other things, Beechler argues that his conviction for the OVI specifications was based on insufficient evidence because the State was not required to prove the fact of his prior convictions. Again, these arguments are barred by res judicata. *See Beechler III,* 2d Dist. Clark No. 2014-CA-11, 2014-Ohio-3350, at ¶ 7-8; *Beechler IV*, 2d Dist. Clark No. 2014-CA-139, 2015-Ohio-4106, at ¶ 8.

**{¶ 37}** Based on the preceding discussion, the Second Assignment of Error is overruled.

IV. Alleged Error in Jury Instructions

**{¶ 38}** Beechler's Third Assignment of Error states that:

The Trial Court Erred When It Instructed the Jury that Anything Stipulated To By the Attorneys Are [sic] To Be Considered True and Are [sic] To Be Taken as Direct Evidence When the Stipulation Was Wrongfully Applied by the Attorneys.

**{¶ 39}** Under this assignment of error, Beechler contends that he was deprived of a fair trial because the trial court instructed the jury that the facts the attorneys stipulated were to be taken as true. For the reasons previously discussed, this issue could have been raised during Beechler's direct appeal or in his prior appeals, and is barred by res judicata. "A postconviction proceeding is not an appeal of a criminal conviction, but, rather, a collateral civil attack on the judgment." (Citation omitted.) *State v. Steffen*, 70 Ohio St.3d 399, 410, 639 N.E.2d 67 (1994). "Postconviction review is a narrow remedy, since *res judicata* bars any claim that was or could have been raised at trial or on direct appeal." (Citations omitted.) *Id.*

**{¶ 40}** Accordingly, the Third Assignment of Error is overruled.

### V. Alleged Error in Refusing Appointment of Counsel

**{¶ 41}** Beechler's Fourth Assignment of Error states as follows:

Trial Court Erred When It Overruled Appellant's Motion for Appointment of Counsel on August 12, 2016[,] that Was Filed on July 28, 2016[,] With Appellant's Notice of Appeal.

**{¶ 42}** Under this assignment of error, Beechler argues that the trial court erred in refusing his request to have counsel appointed. However, the Supreme Court of Ohio has held that "an indigent petitioner has neither a state nor a federal constitutional right to be represented by an attorney in a postconviction proceeding." *State v. Crowder*, 60 Ohio St.3d 151, 152, 573 N.E.2d 652 (1991). The court has also held that if trial courts conclude defendants are entitled to an evidentiary hearing under R.C. 2953.21, the court must notify the public defender. This is based on the public defender's discretionary

power to represent defendants if the public defender concludes the petitioner's issues have arguable merit. *Id. Accord State v. Singleton*, 2d Dist. Montgomery No. 21289, 2006-Ohio-4522, ¶ 2; *State v. Simons*, 2d Dist. Champaign No. 2013-CA-5, 2013-Ohio-3654, ¶ 35.

**{¶ 43}** Since the trial court did not conclude that Beechler was entitled to an evidentiary hearing, the court had no duty to notify the public defender's office or to appoint counsel. As a result, the Fourth Assignment of Error is without merit and is overruled.

## VI. Conclusion

**{¶ 44}** All of Beechler's assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

HALL, P.J. and BROGAN, J., concur.

(Hon. James A. Brogan, Retired from the Ohio Second District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.)

Copies mailed to:

Megan M. Farley
Dana R. Beechler
Hon. Douglas M. Rastatter