[Cite as *State v. Burton*, 2017-Ohio-7588.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 28359 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JESSICA C. BURTON aka MICIRE | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 2009 09 2908 |

DECISION AND JOURNAL ENTRY

Dated: September 13, 2017

TEODOSIO, Judge.

{¶1}    Appellant, Jessica C. Burton, appeals from an order denying her petition for post-conviction relief by the Summit County Court of Common Pleas.  We affirm.

I.

{¶2}    In February of 2010, Ms. Burton pled guilty in Summit County Court of Common Pleas case number CR 2009-09-2908 to operating under the influence of alcohol or drugs ("OVI"), a felony of the fourth degree.  She was charged with a felony due to having three prior misdemeanor convictions within six years, to wit: two Barberton Municipal Court convictions in 2008 and 2007 and an Akron Municipal Court conviction in 2004.  She was sentenced to sixty days in jail for the felony OVI and placed on two years of community control.  She did not appeal.

{¶3}    In October of 2015, Ms. Burton was charged with a second felony OVI offense.  After trial counsel in the 2015 case reviewed and discussed the prior felony and misdemeanor

convictions with Ms. Burton, she filed a petition for post-conviction relief in case number CR 2009-09-2908. She argued that she had never been convicted of a misdemeanor OVI in Akron Municipal Court in 2004 and that there is no attorney of record listed or waiver of counsel in the record for that case. Ms. Burton alleged that her twin sister possibly used her identity in the Akron case. She claimed that she was unavoidably prevented from discovering this information and that her trial counsel in her 2009 case was ineffective for failing to research and pursue these issues. The trial court held a hearing and denied the petition.

{¶4} Ms. Burton now appeals from the trial court's order denying her petition for post-conviction relief and raises three assignments of error for this Court's review.

II.

### ASSIGNMENT OF ERROR ONE

THE TRIAL COURT ERRED IN FINDING APPELLANT WAS NOT UNAVOIDABLY PREVENTED FROM DISCOVERY OF FACTS UPON WHICH SHE RELIED IN HER POST-CONVICTION PETITION

{¶5} In her first assignment of error, Ms. Burton argues that the trial court erred in not finding that she was unavoidably prevented from discovering her Akron conviction because trial counsel in her 2009 case never investigated or discussed her prior convictions with her. We disagree.

{¶6} Generally, "[w]e review a trial court's decision denying a petition for post-conviction relief under an abuse of discretion standard." *State v. Daniel*, 9th Dist. Summit No. 26670, 2013-Ohio-3510, ¶ 7. Our standard of review is de novo, however, when the trial court denies a petition solely on the basis of an issue of law. *State v. Childs*, 9th Dist. Summit No. 25448, 2011-Ohio-913, ¶ 9. "Whether a defendant's post-conviction relief petition satisfied the procedural requirements set forth in R.C. 2953.21 and R.C. 2953.23 is an issue of law." *Id.*

Here, the trial court denied Ms. Burton's petition as untimely under R.C. 2953.21(A)(2). The court further stated that the exceptions under R.C. 2953.23(A)(1)(a) and (b) did not apply. Therefore, a de novo standard of review applies here. *See Childs* at ¶ 9.

{¶7} R.C. 2953.21(A)(2) provides in part that if no appeal is taken, a petition for post-conviction relief "shall be filed no later than three hundred sixty-five days after the expiration of the time for filing the appeal." Prior to March 15, 2015, the statute only afforded petitioners one hundred eighty days to file a petition. Ms. Burton did not appeal her conviction in this case. Her sentencing entry was filed on February 23, 2010, and her petition was not filed until over six years later on April 18, 2016, well beyond the deadline provided under R.C. 2953.21(A)(2).

{¶8} A court may not entertain successive or untimely petitions unless the petitioner satisfies certain requirements. First, she must show that she was unavoidably prevented from discovering the facts she relies on or that, subsequent to the R.C. 2953.21(A)(2) deadline, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in her situation, and the petition asserts a claim based on that right. R.C. 2953.23(A)(1)(a). Second, she must show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which [she] was convicted * * *." R.C. 2953.23(A)(1)(b). The parties agree that Ms. Burton's petition for post-conviction relief was untimely. Ms. Burton would therefore have to meet the requirements listed under R.C. 2953.23(A)(1) for the trial court to have statutory authority to consider the merits of her petition.

{¶9} As to her burden under R.C. 2953.23(A)(1)(a), Ms. Burton argued that she was unavoidably prevented from discovering the facts she relied on in her petition. When dealing with petitions for post-conviction relief, Ohio courts have stated that "[t]he phrase 'unavoidably

prevented' means that a defendant was unaware of those facts and was unable to learn of them through reasonable diligence." *State v. McDonald*, 6th Dist. Erie No. E-04-009, 2005-Ohio-798, ¶ 19. *See also State v. Short*, 8th Dist. Cuyahoga No. 82246, 2003-Ohio-3538, ¶ 9. "By definition, something that is discernible in the record would not be something a defendant has been unavoidably prevented from discovering." *State v. Beechler*, 2d Dist. Clark No. 2016-CA-44, 2017-Ohio-1385, ¶ 28.

{¶10} Ms. Burton attached four exhibits to her petition as evidentiary support: (1) Her own signed affidavit, (2) a one-page online summary of the Akron case, (3) a copy of the complaint in the Akron case, and (4) a copy of her signed waiver of rights in the Akron case. The trial court stated that the information Ms. Burton relied on has been included in a public record since 2004 and consequently found that she was not unavoidably prevented from retrieving that information at any time after 2004. The court found her testimony at the hearing and her claim that her twin sister likely stole her identity to be not credible, specifically noting that Ms. Burton openly admitted to using her sister's identity at various times to avoid trouble, including in her most recent felony OVI charge in 2015. The court further noted its concern that Ms. Burton's testimony could be "just another attempt to blame her sister to avoid the consequences of her own actions." When a trial court denies a petition for post-conviction relief after holding a hearing, we give deference to the court's findings of fact. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 47.

{¶11} Ms. Burton could have exercised reasonable diligence to discover her prior Akron conviction if she was somehow unaware of its existence. She argues that, apart from her alleged ineffective assistance of counsel claim, an "understandable ignorance of legal technicalities" combined with her diagnoses of manic depression and bipolar disorder and a failure to take her

medications in 2009-2010 prevented her from discovering her prior Akron conviction. But, a lack of resources or skills does not meet the definition of being "unavoidably prevented" from discovering the existence of a prior conviction. *See State v. Brown*, 6th Dist. Lucas No. L-99-1251, 2000 WL 20557, *2 (Jan. 14, 2000). *See also State v. Shabazz*, 8th Dist. Cuyahoga No. 100623, 2014-Ohio-3142, ¶ 12 (stating prior convictions are public records, which could be discovered). Instead, Ms. Burton is attempting to raise, in an untimely manner, a legal argument that previously existed for her. *See Brown* at *2. The post-conviction relief statute "does not afford a defendant a second chance to advance a legal argument that could have been raised upon the original trial record." *State v. Wharton*, 9th Dist. Summit No. 27656, 2015-Ohio-4566, ¶ 12. *See also Brown* at *2 (stating "[a] newly discovered legal argument is not a 'newly discovered fact' as contemplated by R.C. 2953.23 to support a successive petition for post[-]conviction relief.").

{¶12} Ms. Burton's argument that she was unavoidably prevented from discovering her prior Akron conviction was coupled with an argument that her trial counsel in the 2009 case was ineffective because he did not investigate or discuss her prior misdemeanor convictions with her. However, her ineffective assistance claim is predicated upon facts that were evident on the face of the record and, therefore, could have been raised on direct appeal. *See Wharton* at ¶ 13. Ms. Burton never appealed her conviction and, therefore, her claims are now barred by the doctrine of res judicata. *See State v. Simms*, 9th Dist. Medina No. 3095-M, 2001 WL 298235, *1 (Mar. 28, 2001). "[P]ursuant to res judicata, a defendant cannot raise an issue in a motion for post[-]conviction relief if he or she could have raised the issue on direct appeal." (Emphasis deleted.) *State v. Reynolds*, 79 Ohio St.3d 158, 161 (1997). "When the issue of competent trial counsel could have been determined on direct appeal without resort to evidence outside of the record, res

judicata is a proper basis to dismiss a petition for post[-]conviction relief." (Emphasis deleted.) *State v. Griffin*, 9th Dist. Lorain No. 14CA010680, 2016-Ohio-2988, ¶ 12. "[E]vidence is not outside the record simply because it was not raised in the original proceedings." *State v. Blackmon*, 9th Dist. Summit No. 18072, 1997 WL 423047, *2 (July 16, 1997). Ms. Burton's claims depend on evidence that was available to her throughout this case. She could have raised her arguments in a direct appeal and is consequently prohibited from raising them now. *See Reynolds* at 161.

**{¶13}** Ms. Burton has failed to present any facts that she was unavoidably prevented from discovering and, thus, has not satisfied her burden under R.C. 2953.23(A)(1)(a). She did not argue that the United States Supreme Court recognized a new federal or state right that applies retroactively to her situation. Her claims are also barred by the doctrine of res judicata.

**{¶14}** Accordingly, we conclude that the trial court did not have statutory authority to consider the merits of her petition for post-conviction relief and correctly denied it. *See State v. Russell*, 9th Dist. Summit No. 28206, 2017-Ohio-723, ¶ 5.

**{¶15}** Ms. Burton's first assignment of error is overruled.

### ASSIGNMENT OF ERROR TWO

THE TRIAL COURT ERRED IN FAILING TO FIND THAT BUT FOR THE CONSTITUTIONAL VIOLATION (INEFFECTIVE ASSISTANCE) NO REASONABLE FACTFINDER WOULD HAVE FOUND THE APPELLANT GUILTY OF THE OFFENSE OF CONVICTION.

### ASSIGNMENT OF ERROR THREE

THE TRIAL COURT ERRED IN FAILING TO DETERMINE WHETHER THE APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL.

**{¶16}** In her second assignment of error, Ms. Burton argues that but for constitutional error of ineffective assistance of counsel, no reasonable factfinder would have found her guilty

of *felony* OVI. In her third assignment of error, she argues that the trial court erred in failing to address her ineffective assistance of counsel claim in its judgment entry.

{¶17} Our resolution of the first assignment of error is dispositive of this appeal, so we decline to address Ms. Burton's remaining assignments of error as they are rendered moot. *See* App.R. 12(A)(1)(c).

### III.

{¶18} Ms. Burton's first assignment of error is overruled. The Court need not address assignments of error two and three as they are moot. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

SCHAFER, P. J.
CONCURS.

CARR, J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

PAUL F. ADAMSON, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.