[Cite as *State v. Little*, 2018-Ohio-5267.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No. 17CA011210 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| TERRY LITTLE | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | | CASE No. 07CR074162 |

DECISION AND JOURNAL ENTRY

Dated: December 28, 2018

CARR, Judge.

{¶1} Appellant, Terry Little, appeals the judgment of the Lorain County Court of Common Pleas. This Court affirms.

I.

{¶2} In 2009, Little was convicted of aggravated murder and numerous additional offenses. His convictions stemmed from the death of Lewis Turner, who was shot and killed on July 30, 2007. The trial court imposed a total sentence of 30 years to life in prison. Little filed a direct appeal to this Court and his convictions were affirmed. *State v. Little*, 9th Dist. Lorain No. 10CA009758, 2011-Ohio-768.

{¶3} While his appeal was pending, Little filed a petition for post-conviction relief. The trial court issued a journal entry with findings of fact and conclusions of law denying the petition.

**{¶4}** Several years later, on August 11, 2017, Little filed a pro se motion for leave to file a motion for new trial in addition to a pro se motion for new trial based on newly discovered evidence. After reviewing the record and the applicable law, the trial court denied the motion for new trial.

**{¶5}** On appeal, Little raises three assignments of error.

II.

**ASSIGNMENT OF ERROR II**

THE TRIAL COURT ERRED IN ABUSING ITS DISCRETION BY DENYING APPELLANT'S MOTION FOR NEW TRIAL DUE TO NEWLY DISCOVERED EVIDENCE UNDER PROSECUTORIAL MISCONDUCT FOR WITHOLDING FAVORABLE EVIDENCE WHICH VIOLATED APPELLANT'S FIFTH, AND FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS[.]

**{¶6}** In his second assignment of error, Little contends that the trial court erred in denying his motion for a new trial based on newly discovered evidence because the State withheld a 2006 police report from a separate shooting incident involving Lewis Turner that contained exculpatory evidence. This Court disagrees.

**{¶7}** A trial court's order ruling on a motion for new trial is reviewed for an abuse of discretion. *State v. LaMar*, 95 Ohio St.3d 181, 2002-Ohio-2128, ¶ 85. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶8}** Crim.R. 33(A) allows a defendant to move for a new trial when his substantial rights have been materially affected. *State v. Gilliam*, 9th Dist. Lorain No. 14CA010558, 2014-Ohio-5476, ¶ 9. Crim.R. 33(B) provides that a motion for new trial based on newly discovered evidence must be filed within 120 days after the verdict was rendered, unless the defendant

shows "by clear and convincing proof that [he] was unavoidably prevented from the discovery of the evidence upon which he must rely[.]"

{¶9}    To warrant the granting of a motion for a new trial based upon newly discovered evidence, the defendant must show that the evidence:

> (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence.

*State v. Tolliver*, 9th Dist. Lorain No. 16CA010986, 2017-Ohio-4214, ¶ 18, quoting *State v. Petro*, 148 Ohio St. 505 (1947), syllabus.

{¶10}  In support of his motion for leave to file a motion for new trial, Little attached a copy of a 2006 police report that detailed a separate incident in which Turner was a gunshot victim.  According to the report, Turner arrived at an apartment in Lorain during the early morning hours of February 14, 2006.  A short time after entering the apartment, Turner heard someone "banging at the back door."  The individual at the door then entered the apartment and started firing gunshots.  Turner ran away from the door and up the stairs.  Turner was shot twice as he attempted to flee, once in the lower back and once in the buttocks.  Police responded to the scene and found Turner on the floor of an upstairs bedroom.  Emergency medical personnel transported Turner to the hospital and he was subsequently air lifted to Akron General.  The gunshots proved not to be fatal.  Turner told police that he did not know who shot him.

{¶11}  Little argues that the police report describing the 2006 incident could have been used to impeach the testimony of Dr. Paul Matus, the Lorain County Coroner, who testified on behalf of the State at trial.  Little stresses that Dr. Matus testified that all three gunshots that struck Turner during the 2007 incident traveled on a downward trajectory.  Dr. Matus further

testified that the downward trajectory would not have been present if both the shooter and the victim were standing upright. In support of his underlying position, Little contends that the police report calls Dr. Matus's testimony into question because the details of the 2006 incident involving Turner prove that bullets can travel downward when both the shooter and the victim are standing upright.

{¶12} Even assuming without deciding that Little was unavoidably prevented from discovering the police report in question, he has failed to demonstrate that there is a strong probability that there would be a different result if a new trial was granted. As an initial matter, the police report provides limited details of what actually transpired during the 2006 incident. Though Little contends that the police report demonstrates that bullets can travel on a downward trajectory when both the shooter and victim are standing upright, the report contains very little discussion about the positioning and location of Turner's body in relation to the shooter at the time the shots were fired, other than to indicate that Turner was attempting to flee. Perhaps more significantly, "[n]ewly discovered evidence that merely contradicts or impeaches former testimony is not a sufficient basis for granting a motion for a new trial." *State v. Pannell*, 9th Dist. Wayne No. 96CA0009, 1996 WL 515540, *3. The movant must also demonstrate that there is a strong probability that a different result would be obtained at a new trial. *Id.* Here, Little has not articulated how the new evidence would have ultimately changed the outcome of the trial. The State presented ample evidence of Little's guilt at trial and he has failed to demonstrate that there is a strong probability that the result of trial would have been different if he had the benefit of the police report. *See Little*, 2011-Ohio-768, ¶ 12-17. Under these circumstances, the trial court did not abuse its discretion in denying Little's motion for a new trial.

{¶13} Accordingly, Little's second assignment of error is overruled.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN ABUSING ITS DISCRETION DENYING APPELLANT'S MOTION FOR NEW TRIAL DUE TO NEWLY DISCOVERED EVIDENCE ON GROUNDS THAT THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL VIOLATING HIS RIGHT TO A FAIR TRIAL AS MANDATED BY THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS[.]

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ABUSED ITS DISCRETION DENYING APPELLANTS' MOTION FOR NEW TRIAL DUE TO NEWLY DISCOVERED EVIDENCE ON THE GROUND [THAT THE] TRIAL COURT ABUSED ITS DISCRETION DENYING APPELLANT EXPERT ASSISTANCE AT TRIAL VIOLATING HIS RIGHT TO DUE PROCESS UNDER THE FOURTEENTH AMENDMENT[.]

{¶14} Little raises additional challenges to the trial court's denial of his motion for a new trial. In his first assignment of error, Little contends that trial counsel rendered ineffective assistance. In his third assignment of error, Little contends that he was prejudiced when the trial court denied his pretrial motion to retain an expert witness. "Under the doctrine of res judicata, any issue that was or should have been litigated in a prior action between the parties may not be relitigated." *State v. Zhao*, 9th Dist. Lorain No. 03CA008386, 2004-Ohio-3245, ¶ 7, quoting *State v. Meek*, 9th Dist. Lorain No. 03CA008315, 2004-Ohio-1981, ¶ 9. The issues Little raises in his first and third assignments of error could have been raised on direct appeal. As such, he is now barred from relitigating those issues in a subsequent proceeding. *Zhao* at ¶ 7.

{¶15} The first and third assignments of error are overruled.

### III.

{¶16} Little's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

SCHAFER, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

TERRY LITTLE, pro se, Appellant.

DENNIS P. WILL, Prosecuting Attorney, and LINDSEY C. POPROCKI, Assistant Prosecuting Attorney, for Appellee.