[Cite as *State v. Flores*, 2020-Ohio-593.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                    :

      Plaintiff-Appellee,                 :

                                                  No. 19AP-405

v.                                               :        (C.P.C. No. 18CR-4090)

Kristian H. Flores,                              :        (REGULAR CALENDAR)

      Defendant-Appellant.                :

---

D E C I S I O N

Rendered on February 20, 2020

---

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Michael P. Walton*, for appellee.

**On brief:** *Kura, Wilford & Schregardus Co., L.P.A.*, and *Sarah M. Schregardus*, for appellant.

---

APPEAL from the Franklin County Court of Common Pleas

SADLER, P.J.

{¶ 1} Defendant-appellant, Kristian H. Flores, appeals from a judgment of the Franklin County Court of Common Pleas convicting him of three counts of trafficking in heroin, in violation of R.C. 2925.03. For the reasons that follow, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On August 20, 2018, a Franklin County Grand Jury indicted appellant on two counts of trafficking in heroin, in violation of R.C. 2925.03, a felony of the second degree; one count of trafficking in heroin with a one-year firearm specification, in violation of R.C. 2925.03, a felony of the first degree; and one count of improper handling of a firearm in a motor vehicle, in violation of R.C. 2923.16, a felony of the fourth degree. Appellant agreed

to plead guilty to two counts of second-degree trafficking in heroin and one count of first-degree trafficking in heroin, without specification.

{¶ 3} At the April 9, 2019 plea hearing, the prosecutor set forth the facts underlying the offenses as follows:

> Count 2 was the second buy in this investigation. The first buy was done directly with the codefendant, Arturo Chavira. Count 2 occurred May 31, 2018, with Chavira and [appellant] to do this deal. It was for an ounce of heroin for $1,100. The ounce was obtained directly from [appellant] and was 25.09 grams of heroin.
>
> Count 3 occurred, the same type of situation, an ounce of heroin for $1,100. [Appellant] was sent by Chavira on June 4, 2018, 24.58 grams of heroin.
>
> A buy bust was set up on August 9, 2018, where they set up purchase of a half a kilo of heroin for $19,000. Chavira arrived with [appellant]. [Appellant] participated in that deal. He was -- he stayed in the car where the gun was while Chavira did that deal.
>
> All three of these events occurred in Franklin County, Ohio. That last one was over 50 grams of heroin. It was actually 500.85 grams of heroin. That is a Schedule I substance.

(Apr. 9, 2019 Plea Hearing Tr. at 8.)

{¶ 4} At the plea hearing, the trial court engaged in a plea colloquy with appellant. The transcript shows that appellant responded appropriately, "Yes, Your Honor" and "No, Your Honor," to the trial court's inquiries. (Apr. 9, 2019 Plea Hearing Tr. at 8, 9.) At the May 30, 2019 sentencing hearing, the following exchange occurred:

> THE COURT: All right. Anything you want to tell me directly?
>
> THE DEFENDANT: I know I've made mistakes and everything and I've got to pay for them. I'm really sorry.

(May 30, 2019 Sentencing Hearing Tr. at 4.)

{¶ 5} The trial court convicted appellant of the charges to which he pleaded guilty and sentenced appellant to a concurrent prison term of five years for each of the three offenses. Appellant timely appealed to this court from the judgment of the trial court.

## II. ASSIGNMENT OF ERROR

{¶ 6} Appellant assigns the following as trial court error:

> Trial counsel was constitutionally ineffective when she failed to request an interpreter for the Appellant.

## III.  STANDARD OF REVIEW

{¶ 7}    In *State v. Romero*, 156 Ohio St.3d 468, 2019-Ohio-1839, the Supreme Court of Ohio set forth the appropriate standard of review to apply to a claim of ineffective assistance of counsel in this context of a direct appeal from a guilty plea:

> When a defendant alleges ineffective assistance of counsel arising from the plea process, the defendant must meet the two-prong test set out in *Strickland* [*v. Washington*], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.  *See Hill* [*v. Lockhart*, 474 U.S. 52] at 58 [(1985)] (applying *Strickland* to guilty pleas); *State v. Xie*, 62 Ohio St.3d 521, 524, 584 N.E.2d 715 (1992) (same).

> First, the defendant must show that counsel's performance was deficient.  *Strickland* at 687; *Xie* at 524.  When an attorney's noncitizen client is considering a plea, the United States Supreme Court has held that "counsel must inform her client whether his plea carries a risk of deportation." *Padilla* [*v. Kentucky*], 559 U.S. [356,] at 374, 130 S.Ct. 1473, 176 L.Ed.2d 284 [(2010)]. Given the grave consequences of deportation, an ineffective-assistance claim is not limited to affirmative misadvice or false information.  *Id.* at 369-371. The failure to give any advice at all about possible deportation consequences satisfies the first prong of *Strickland. Id.* "The severity of deportation * * * only underscores how critical it is for counsel to inform her noncitizen client that he faces a risk of deportation."  *Id.* at 373-374.

> Second, the defendant must demonstrate prejudice resulting from counsel's deficient performance. *Strickland* at 687. The defendant can show prejudice by demonstrating a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill* at 59; *Xie* at 524.

*Id.* at ¶ 14-16.

{¶ 8}    "Upon direct appeal, appellate courts generally review ineffective assistance of counsel claims on a de novo basis." *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 53.

## IV.  LEGAL ANALYSIS

{¶ 9}  In appellant's sole assignment of error, appellant alleges his trial counsel provided constitutionally ineffective assistance when she failed to request an interpreter for appellant.  We disagree.

{¶ 10}  Appellant argues his guilty plea was not a knowing, intelligent, and voluntary waiver of constitutional and statutory rights because he is not English proficient, and his trial counsel failed to request the trial court provide him with the services of an interpreter at his plea hearing.  Appellant's claim is based on his assertion that he is a native of El Salvador and not a United States citizen.

{¶ 11}  " '[I]n a criminal case the defendant is entitled to hear the proceedings in a language he can understand.' "  *State v. G.C.*, 10th Dist. No. 15AP-536, 2016-Ohio-717, ¶ 17, quoting *State v. Pina*, 49 Ohio App.2d 394, 399 (2d Dist.1975).  " 'Generally, a trial court has broad discretion in determining whether a criminal defendant requires the assistance of an interpreter.' "  *G.C.* at ¶ 17, quoting *State v. Saah*, 67 Ohio App.3d 86, 95 (8th Dist.1990).  "An imperfect grasp of the English language may be sufficient as long as the defendant has the ability to understand and communicate in English."  *G.C.* at ¶ 17, citing *State v. Castro*, 2d Dist. No. 14398 (Sept. 20, 1995).

{¶ 12}  R.C. 2311.14 and Sup.R. 88 set forth the circumstances under which the appointment of a foreign language interpreter is mandated.  R.C. 2311.14(A)(1) provides in pertinent part:

> Whenever because of a hearing, speech, or other impairment a party to or witness in a legal proceeding cannot readily understand or communicate, the court shall appoint a qualified interpreter to assist such person.

{¶ 13} Sup.R. 88 provides in relevant part:

> (A) When appointment of a foreign language interpreter is required.
>
> A court shall appoint a foreign language interpreter in a case or court function in either of the following situations:
>
> (1) A party or witness who is limited English proficient or non-English speaking requests a foreign language interpreter and the court determines the services of the interpreter are necessary for the meaningful participation of the party or witness;

(2) Absent a request from a party or witness for a foreign language interpreter, the court concludes the party or witness is limited English proficient or non-English speaking and determines the services of the interpreter are necessary for the meaningful participation of the party or witness.

{¶ 14} Other than the prosecutor's assertion at the sentencing hearing that appellant is not a United States citizen, the transcript of the plea hearing and sentencing hearing in this case provide no support for appellant's contention that he was not English proficient and in need of the services of an interpreter. Appellant responded appropriately to the trial court's inquiries at the plea hearing, and he made a brief statement of apology when prompted by the trial court at the sentencing hearing.

{¶ 15} Moreover, our review of the report of a presentence investigation ("PSI") conducted in this matter reveals appellant's proficiency in English. Though the PSI shows that appellant was born in El Salvador to non-English speaking parents, it also shows that appellant's family moved to the United States when he was nine, he has lived in the United States since that time, and was educated in public schools in the Columbus area. As part of the PSI, appellant was required to complete, in English, a brief questionnaire seeking information about the offense for which he was found guilty. The PSI shows that appellant responded appropriately to the questions asked. The investigator also reported he interviewed appellant, in English, regarding the offenses. The report of that interview reads, in relevant part, as follows:

> The offender and this officer discussed this offense in further detail during a PSI interview on 4/24/19. He stated that he was arrested with his co-offender, Arturo Chavira, who he had been friends with since he was 11 years old. He indicated that Chivara asked him to help sell heroin 2 or 3 times, and he agreed, explaining that for helping, Chavira provided cocaine for his own personal use. The offender explained that he was never paid with money; only cocaine. This officer questioned him about how many times he sold or helped Chavira sell heroin, and he maintained that it was two or three times, adding that he was caught every time.

> According to the offender, in 2018 he was using powder cocaine on a daily basis to give him energy because he was working a lot. He added, "I got stupid about it". He stated that Chavira was like an older brother to him and wasn't his normal drug dealer, explaining that the cocaine Chivara provided was only for helping with the heroin deals.

The officer stated that he didn't know who Chivara was working for, and only knows that it was "a guy from Mexico". He added, "I'm getting charged for something that wasn't mine, I didn't know where he was getting it from".

(PSI at 6.)

{¶ 16} The investigator also reported that he discussed with appellant, in some detail, such subjects as his current residence and the characteristics of the neighborhood, his experiences in high school and in the working world, his relationships with family, friends, and other associations, and his past problems with drugs and alcohol. The investigator concluded that appellant "was cooperative throughout the PSI interview and answered all questions asked." (PSI at 14.) At no point in the PSI report is there any indication appellant told the investigator he did not understand English. Thus, the record shows the only time appellant claimed an inability to understand English was in his merit brief in this appeal.

{¶ 17} In *G.C.*, appellant pleaded guilty to the rape of a 14-year-old girl, and he was sentenced to a prison term. On appeal, appellant argued his plea "was not knowing, intelligent and voluntary" because the trial court committed plain error by failing to provide appellant with the services of a Bengali translator. *Id.*, 2016-Ohio-717, at ¶ 11. In addressing appellant's claim, this court stated: "The transcript of the plea hearing reveal[ed] that the trial court complied with the requirements of Crim.R. 11 in accepting appellant's guilty plea and convicting him of two counts of rape. At the plea hearing, the trial court personally addressed appellant and informed him of each of the constitutional and statutory rights he would be relinquishing by pleading guilty. During the plea colloquy appellant responded in the affirmative when the trial court asked if he could 'read and write English reasonably well?' (Mar. 11, 2015 Tr. at 5-6.) When the trial court asked appellant '[h]ow much education have you completed in your life,' appellant responded: 'High school.' (Mar. 11, 2015 Tr. at 5.)" *Id.* at ¶ 4.

{¶ 18} Appellant in *G.C.* argued that the PSI established that he was not capable of understanding English. In *G.C.*, the PSI provided, in relevant part, as follows:

The investigator made the following comments in the report:

**It should be noted that when the pre-sentence interview began, the offender advised he was unable to answer any questions and needed an

> interpreter. He was asked why he didn't need one prior in Court and he advised he didn't understand what he was being asked. His attorney advised probation that he and the Court did not believe there have been any issues with his ability to understand and speak and this was a "new" development. Please see attitude section for details. As a result, all details below came from his intake packet**

(Emphasis omitted.) (PSI, 6.)

In the "Attitude" section of the PSI the investigator noted the following:

> After receiving notification from the offender's attorney that [an interpreter] was not needed, this raises several questions as to the attitude given by the offender and his "sudden" inability to understand what is going on.

(PSI, 10.)

*Id.* at ¶ 7-8.

{¶ 19} In rejecting appellant's claim that he was not English proficient, this court found as follows:

> Prior to appellant's plea hearing, there was nothing before the trial court that would have supported a finding that appellant was not English proficient and that a foreign language interpreter was necessary for his meaningful participation in the proceedings. Furthermore, the transcript of the plea hearing belies appellant's post-hearing claim that he is not English proficient. The transcript reveals that the trial court personally addressed appellant and that appellant responded appropriately in English to all of the court's inquiries. Neither appellant nor his trial counsel ever suggested to the trial court that appellant was not English proficient and that a foreign language interpreter was necessary for appellant's meaningful participation in the proceedings.
>
> At the time of the plea hearing, the trial court record reveals, at most, that English was not appellant's native language.

*Id.* at ¶ 22-23.

{¶ 20} Here, as was the case in *G.C.*, the transcript of the plea hearing reveals no English deficiencies on the part of appellant that could have prevented him from entering a knowing, intelligent, and voluntary guilty plea. At most, the record in this case shows that

appellant is a citizen of El Salvador and that English is a second language. Moreover, appellant herein, unlike the appellant in *G.C.*, made no claim during the PSI interview that he could not speak or understand English and, as noted above, the substance of the PSI belies appellant's claim on appeal. Thus, on a review of the entire record in this case and a de novo consideration of appellant's claim of ineffective assistance of counsel, we can find no support for appellant's claim that his counsel provided ineffective assistance by not requesting the services of an interpreter to assist appellant at his plea hearing. *G.C.* at ¶ 23. *See also State v. Oluoch*, 10th Dist. No. 07AP-45, 2007-Ohio-5560, ¶ 42 (rejecting appellant's contention his counsel rendered ineffective assistance for failing to obtain an interpreter during appellant's plea hearing where the record established no language barrier precluded appellant from understanding what transpired during the plea hearing); *Al-Tamimi v. Warren*, E.D.Mich. No. 2:06-CV-12427 (Nov. 15, 2007) (petitioner did not show that his trial counsel was ineffective for failing to request a foreign language interpreter for his plea hearing where the petitioner stated at the plea hearing that he could read, write, and understand the English language and responded appropriately to the trial judge's questions, indicating comprehension of those questions); *State v. Gegia*, 157 Ohio App.3d 112, 2004-Ohio-2124, ¶ 16 (9th Dist.) (court of appeals rejected appellant's claim his counsel provided ineffective assistance for failing to request the appointment of a Russian interpreter to aid appellant at his plea hearing because appellant claimed he did not need an interpreter and because the transcript showed "[a]t no point [during the plea colloquy] did it appear as if Appellant did not fully understand the purpose and result of the proceedings").

{¶ 21} Contrary to appellant's assertion on appeal, the record in this case demonstrates that appellant had a sufficient grasp of the English language to understand the proceedings in the trial court and that he was able to effectively communicate and understand English. Consequently, appellant's claim his guilty plea was not knowingly, voluntarily, and intelligently entered due to an inability to understand the English language and trial counsel's ineffective assistance is without merit. *G.C.*; *Oluoch*; *Al-Tamimi*; *Gegia.* Accordingly, appellant's assignment of error is overruled.

## V. CONCLUSION

{¶ 22} Having overruled appellant's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and LUPER SCHUSTER, JJ., concur.

_____