[Cite as *State v. Abouelhana*, 2021-Ohio-91.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

v.

HASSAN ABOUELHANA

    Appellant

C.A. No.      19CA011509

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.      17CR096480

DECISION AND JOURNAL ENTRY

Dated: January 19, 2021

---

PER CURIAM.

{¶1} Defendant-Appellant Hassan Abouelhana appeals from the judgment of the Lorain County Court of Common Pleas. This Court reverses and remands the matter for proceedings consistent with this decision.

I.

{¶2} In July 2017, Abouelhana was indicted on two counts of possession of drugs, one count of obstructing official business, and one count of possession of drug paraphernalia. The matter proceeded to a jury trial, at which the jury found Abouelhana guilty of all counts.

{¶3} Abouelhana then filed a motion for a new trial pursuant to Crim.R. 33(A)(1). In the motion, Abouelhana argued that he was prevented from having a fair trial because English is not his primary language. Abouelhana asserted that he required an Arabic interpreter in order to fully understand and participate in the proceedings. In so doing, Abouelhana cited to Sup.R. 88(A). The motion was supplemented by the report of an English-Arabic translator-interpreter. The State

opposed the motion. A hearing was held on the motion at which the interpreter and an acquaintance of Abouelhana's testified.

**{¶4}** The trial court denied the motion, noting that neither Abouelhana nor his attorney requested an interpreter and that at no time during the proceedings did the trial court conclude that Abouelhana was limited in his communication. The trial court did not reference the testimony of the witnesses at the hearing in its judgment entry. The trial court then sentenced Abouelhana.

**{¶5}** Abouelhana has appealed, raising two assignments of error for our review.

II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN DENYING APPELLANT A NEW TRIAL BASED UPON THE FACT THAT APPELLANT WAS DENIED A FAIR TRIAL SINCE THE COURT FAILED TO INQUIRE OF APPELLANT REGARDING HIS NEED OF THE SERVICES OF AN INTERPRETER.

**{¶6}** Abouelhana argues in his first assignment of error that the trial court erred in denying his motion for a new trial. He argues that in order to have a fair trial he required an Arabic interpreter to fully understand and participate in the proceedings. Abouelhana points out that he presented two witnesses at the hearing on the motion for new trial who offered evidence demonstrating that Abouelhana required an interpreter.

**{¶7}** "A trial court's order ruling on a motion for new trial is reviewed for an abuse of discretion." *State v. Little*, 9th Dist. Lorain No. 17CA011210, 2018-Ohio-5267, ¶ 7. Pursuant to Crim.R. 33(A), "[a] new trial may be granted on motion of the defendant for any of [several] causes affecting materially his substantial rights[.]" This includes an "[i]rregularity in the proceedings, or in any order or ruling of the court, or abuse of discretion by the court, because of which the defendant was prevented from having a fair trial[.]" Crim.R. 33(A)(1).

**{¶8}** Sup.R. 88(A) provides that:

A court shall appoint a foreign language interpreter in a case or court function in either of the following situations:

(1) A party or witness who is limited English proficient or non-English speaking requests a foreign language interpreter and the court determines the services of the interpreter are necessary for the meaningful participation of the party or witness;

(2) Absent a request from a party or witness for a foreign language interpreter, the court concludes the party or witness is limited English proficient or non-English speaking and determines the services of the interpreter are necessary for the meaningful participation of the party or witness.

In addition, R.C. 2311.14(A)(1) states that, "[w]henever because of a hearing, speech, or other impairment a party to or witness in a legal proceeding cannot readily understand or communicate, the court shall appoint a qualified interpreter to assist such person."

{¶9} At the time of trial, Abouelhana was 62 years old and had resided in Elyria for 40 years and owned a used car dealership for 35 years. In his motion for a new trial, Abouelhana asserted that he moved from Egypt to the United States when he was 21 years old. While Abouelhana speaks English, it is not his primary language, which is Arabic.

{¶10} During his trial testimony, even from the transcript, it is evident that Abouelhana was often difficult to understand and that he frequently spoke in what could be characterized as broken English. Abouelhana also had difficulty understanding several questions. Abouelhana's counsel, as well at the prosecutor, sometimes had to reword or re-ask questions in order for Abouelhana to give an answer that was responsive to the question. Abouelhana's counsel described Abouelhana's accent as being "different" and as being "very, very thick[.]"

{¶11} At the hearing on the motion for a new trial, the certified English-Arabic interpreter who prepared the report accompanying Abouelhana's motion for a new trial testified. The interpreter met with Abouelhana for two hours and reviewed the transcript of Abouelhana's testimony. The interpreter indicated that it was his opinion that Abouelhana's understanding of the English language was not enough to fully comprehend or respond to the questions by the judge

and the prosecutor. He maintained that such would lead to major misunderstandings and major changes to the outcome of the case. The interpreter averred that Abouelhana would have benefited from the services of an interpreter during trial and that he believed that Abouelhana misunderstood some of the questions by both his own counsel and the prosecution. The interpreter went on to conclude that Abouelhana was in need of an interpreter during both the trial and the pretrial process. The interpreter maintained that Abouelhana did not appreciate the difference between a misdemeanor and a felony. The interpreter indicated that, based on Abouelhana's level of understanding of English, he might have given the opposite response to a question than that which he intended. He asserted that such an occurrence could have changed the outcome of the case for Abouelhana.

{¶12} In addition, Abouelhana's longtime acquaintance testified on Abouelhana's behalf. The acquaintance was retired from the Ohio State Parole Authority and asserted that he had known Abouelhana for 40 years. Despite knowing Abouelhana for decades, the acquaintance maintained that he only understood about 60% of what Abouelhana said. The acquaintance averred that Abouelhana does not communicate with customers at the car dealership because of his language barrier. Most of the time, his girlfriend would help the customers. When Abouelhana would go to auctions to buy cars, he would always have someone go with him. The acquaintance testified that he has never known Abouelhana to be alone if he was transacting business.

{¶13} On appeal, the State maintains that Abouelhana's misunderstanding of the questions posed to him was remedied by simple rephrasing, thereby evidencing that the services of an interpreter were not necessary. However, the State fails to acknowledge that it used Abouelhana's comprehension difficulties against him during closing argument; in its closing argument, the State maintained that Abouelhana was not answering questions and being evasive.

However, when the testimony is considered in context, it is equally plausible that, instead, Abouelhana had difficulty understanding and responding to the questions.

{¶14} In the trial court's entry ruling on the motion, the trial court correctly pointed out that neither Abouelhana nor his counsel requested an interpreter at any point prior to the filing of the motion for a new trial. The trial court further noted that at no point did the trial court conclude that Abouelhana was limited in his communication. However, there is also nothing in the record which evidences that the trial court inquired about Abouelhana's English proficiency, which would be important in determining whether Abouelhana required an interpreter. In other words, the trial court failed to make a sufficient open-ended inquiry to even assess whether an interpreter was needed. Moreover, the evidence before the trial court at the hearing on the motion for a new trial demonstrated that Abouelhana did require an interpreter during the earlier proceedings. Both witnesses provided testimony that would support that Abouelhana's comprehension of English was inadequate. The trial court failed to mention this testimony in its entry. Thus, it is not clear if the trial court even gave it any consideration. Accordingly, we can only conclude that the trial court abused its discretion in denying Abouelhana's motion for a new trial as Abouelhana demonstrated he was denied a fair trial.

{¶15} Abouelhana's first assignment of error is sustained.

## ASSIGNMENT OF ERROR II

APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL[.]

{¶16} Abouelhana argues in his second assignment of error that he was denied the effective assistance of trial counsel. However, in light of this Court's resolution of Abouelhana's first assignment of error, this assignment of error has been rendered moot and we decline to address it. *See* App.R. 12(A)(1)(c).

III.

{¶17} Abouelhana's first assignment of error is sustained and his second assignment of error has been rendered moot. The judgment of the Lorain County Court of Common Pleas is reversed, and this matter is remanded for proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

CARR, P. J.
HENSAL, J.
CONCUR.

SCHAFER, J.
DISSENTING.

{¶18}  Because I do not agree that the trial court abused its discretion by denying Abouelhana's motion for a new trial, I respectfully dissent.

{¶19}  In his merit brief, Abouelhana argues he was prevented from having a fair trial because English is not his primary language.  Abouelhana contends he should have been provided an Arabic language translator to assist him in understanding the proceedings, questions, and testimony.  In concluding that Abouelhana is entitled to a new trial, the majority states that there is "nothing in the record which evidences that the trial court inquired about Abouelhana's English proficiency, which would be important in determining whether Abouelhana required an interpreter."  "In other words," the majority states, "the trial court failed to make a sufficient open-ended inquiry to even assess whether an interpreter was needed."  Thus, the majority erroneously implies that the trial court was obligated to make such an inquiry to assess whether Abouelhana— a then-62-year-old man who had resided in Ohio for 40 years and owned and operated a car dealership for the past 35 years—needed an interpreter despite no indication from Abouelhana or his retained counsel until *after* trial to suggest that he had any need for an interpreter for meaningful participation in the proceedings.

{¶20}  As authority in support of his argument, Abouelhana cites to Rule 88 of the Rules of Superintendence for the Courts of Ohio.  Pursuant to Sup.R. 88(A), a court shall appoint a foreign language interpreter in either of two situations: (1) upon request of a limited-English-proficient or non-English-speaking party or witness and a determination by the court that the services of an interpreter are necessary for meaningful participation; or (2) when the court independently determines the services of a foreign language interpreter are necessary for the

meaningful participation of a party or witness. Thus, in the absence of a request by a party or witness, or a conclusion by the court that a party or witness has limited English proficiency or speaking ability, Sup.R. 88(A) does not require the appointment of an interpreter. *See State v. Marquez*, 11th Dist. Ashtabula No. 2007-A-0085, 2008-Ohio-5324, ¶ 36 ("Absent a positive request [by a party] for an interpreter or, alternatively, some clear indicia that [an] alleged language barrier impaired [a party's] ability to adequately understand or communicate in English, we are unable to conclude the court erred in failing to appoint an interpreter.").

{¶21} In his brief on appeal, Abouelhana does not suggest that the trial court erred when it concluded that neither of these two scenarios applied in his case. As stated above, the rule applies to situations where a defendant requests an interpreter, or the court determines the need for one. A review of the record reflects that the subject of an interpreter was not raised prior to the filing of the motion for a new trial. The trial court interacted with Abouelhana throughout the pretrial proceedings and the three-day trial but did not observe any issue with Abouelhana's ability to communicate in English. Nor did Abouelhana or his trial counsel raise any issue regarding his ability to understand or express himself in English. In his motion for a new trial, Abouelhana conceded that he "did not address the issue of needing an interpreter[,]" and stated that he did not do so because "he was embarrassed [and] he believed if he made the request he would be perceived as not educated or stupid." Although he was free to raise any language and communication issues at any point in the proceedings, Abouelhana failed to do so until after the jury returned a verdict that was not in his favor.

{¶22} Abouelhana's reliance on Sup.R. 88 is misplaced, and the majority fails to recognize that Sup.R. 88(A) does not require the appointment of a foreign language interpreter where, as here, the party does not request an interpreter, and the trial court does not perceive the

party as being limited in English proficiency or the ability to communicate in English.  The trial court did not have the occasion to issue an order or make a ruling concerning the need for an interpreter because the issue of an interpreter was not raised until after trial concluded and the jury returned a verdict finding Abouelhana guilty on all four counts.  Consequently, I would conclude that Abouelhana did not show the trial court "abuse[d its] discretion" nor has Abouelhana pointed to "any order or ruling of the court" which prevented him from having a fair trial.  Crim.R. 33(A)(1).

{¶23}  Still, the majority concludes that "the evidence before the trial court at the hearing on the motion for a new trial demonstrated that Abouelhana did require an interpreter during the earlier proceedings."  I disagree with this assessment of the evidence presented in support of Abouelhana's motion for a new trial.  First, I do not believe the evidence supports the majority's criticism of the State for "fail[ing] to acknowledge that it used Abouelhana's comprehension difficulties against him during closing argument [when,] in its closing argument, the State maintained that Abouelhana was not answering questions and being evasive."  Second, the evidence does not support a finding that any "[i]rregularity in the proceedings" prevented Abouelhana from having a fair trial.  Crim.R. 33(A)(1).

{¶24}  The record does not support Abouelhana's contention that his alleged "lack of complete understanding of English" meant that he "was not able to completely understand the nature of the charges against him, plea offers, and the meaning of the criminal proceedings."  Abouelhana acknowledges on appeal that he gave no indication to the trial court that he was experiencing any difficulty communicating in English but asserts that "it is obvious that his English communications skills are troubling" and that "the [c]ourt should have offered him the services of an interpreter."  Nonetheless, the record reflects that Abouelhana, who moved to the

United States from Egypt as a young man, communicates in English. Although Arabic is Abouelhana's primary language, he speaks English, albeit with a "thick accent." During his testimony at trial, Abouelhana stated that he was 62 years old and had resided in Elyria, Ohio for 40 years. He testified that he has owned and operated a business—a car dealership—for the past 35 years.

{¶25} In support of his arguments on appeal, Abouelhana references the opinion of Mr. Koussa, the certified English-Arabic interpreter, as expressed in his report attached to the motion for a new trial and his testimony at the hearing. Abouelhana asserts that, after the trial, he met with Mr. Koussa for two hours and that Mr. Koussa reviewed a transcript of Abouelhana's testimony during trial. On this basis, he contends, Mr. Koussa determined Abouelhana's "understanding of the English language * * * is not enough to really comprehend or respond to answers by the judge or prosecutor" and he "would have benefitted from the services of an interpreter during his trial." Abouelhana also asserts that Mr. Koussa determined that he needed the assistance of an interpreter during the pretrial process as well.

{¶26} Additionally, Abouelhana cites to the testimony of his longtime acquaintance, Mr. McCallister, during the hearing on his motion for a new trial. Abouelhana notes that Mr. McCallister testified he has known Abouelhana 40 years and indicated that Abouelhana "has a language barrier and that 60 percent of the time he cannot understand [him]." Further, Mr. McCallister testified that he has "never known [Abouelhana] to conduct a business transaction without someone to assist him."

{¶27} I recognize that, "'[i]n a criminal case the defendant is entitled to hear the proceedings in a language he can understand.'" *State v. Razo*, 9th Dist. Lorain No. 03CA008263, 2004-Ohio-3405, ¶ 4, quoting *State v. Pina*, 49 Ohio App.2d 394, 399 (2d Dist.1975). Pursuant to

R.C. 2311.14(A)(1), "[w]henever because of a hearing, speech, or other impairment a party to or witness in a legal proceeding cannot readily understand or communicate, the court shall appoint a qualified interpreter to assist such person."  Additionally, the purpose underlying Sup.R. 88 is to ensure that an interpreter be appointed so that a defendant may be afforded the opportunity to meaningfully participate in the proceedings.  "Nevertheless, the trial court has the discretion to determine whether the defendant requires an interpreter for assistance."  *Razo* at ¶ 4, citing *State v. Saah*, 67 Ohio App.3d 86, 95 (8th Dist.1990).

{¶28}  In support of his argument, Abouelhana makes reference to portions of the trial transcript which, he believes, show a "lack of complete understanding of English" and difficulty understanding many of the questions from the prosecutor.  Yet, "[a] trial court properly exercises its discretion in refusing to appoint an interpreter where the defendant has a 'functional mastery of the English language' and where misunderstandings during testimony may be remedied by a 'simple rephrasing of the question.'"  *State v. Abdugheneima*, 6th Dist. Lucas No. L-17-1013, 2017-Ohio-8423, ¶ 18, quoting *Saah* at 95.  Per my review of the record, and as the State has argued in its brief, any instance where Abouelhana did not initially understand a question was quickly remedied by a simple rephrasing of the question.  Even "[a]n imperfect grasp of the English language may be sufficient as long as the defendant has the ability to understand and communicate in English.'"  *State v. Flores*, 10th Dist. Franklin No. 19AP-405, 2020-Ohio-593, ¶ 11, quoting *State v. G.C.*, 10th Dist. Franklin No. 15AP-536, 2016-Ohio-717, ¶ 17.

{¶29}  There is no indication that Abouelhana was unable to understand or to express himself in English during the proceedings.  Beyond speculating that he might have had some difficulty understanding or being understood during the proceedings, Abouelhana has not shown that he was precluded from meaningful participation in the proceedings in the absence of an

interpreter. *See State v. Mendoza*, 11th Dist. Ashtabula No. 89-A-1425, 1989 WL 142790, *2-3 (Nov. 24, 1989) ("[If] [t]here is no showing that appellant was unable to effectively comprehend or communicate in English[,]" he "fail[s] to show that he, in fact, needed an interpreter or that the trial court abused its discretion."); *see also Abdugheneima*, 2017-Ohio-8423 at ¶ 21 (holding that a defendant's "ability to communicate in English was sufficient to allow him to meaningfully participate at trial, such that appointment of a translator was not required.").

{¶30} Abouelhana's contention that the trial court erred in failing to perceive a need for an interpreter to assist him is directly at odds with the trial court's finding that, at no time during the pretrial events or the trial, did it find that Abouelhana was limited in his communication. To the extent that Abouelhana now relies on Mr. Koussa's opinion that Abouelhana might have benefitted from an interpreter throughout the proceedings, the relevant standard is not whether, in hindsight, it appears that the assistance of an interpreter may have been beneficial. Abouelhana has not shown that the trial court abused its discretion in overruling his motion for new trial on the grounds that the trial court should have perceived a need for an interpreter.

{¶31} The majority also faults the trial court for failing to mention in its entry the testimony of the two witnesses at the hearing on the motion for a new trial. The majority states "it is not clear if the trial court even gave it any consideration." Regardless of whether the trial court, in its journal entry, failed to engage in a thorough discussion on the court's view of evidence presented at the hearing on the motion for a new trial, I would conclude that Abouelhana has failed to demonstrate any "[i]rregularity in the proceedings, or in any order or ruling of the court," or an abuse of the court's discretion that prevented him from having a fair trial. Crim.R. 33(A)(1). Abouelhana has not demonstrated that the trial court's denial of the motion for a new trial was in any way unreasonable, arbitrary, or unconscionable. Therefore, I would conclude that the trial

court acted within its discretion when it denied Abouelhana's motion for a new trial and overrule the first assignment of error.

{¶32} Regarding Abouelhana's second assignment of error, I would conclude that he failed to show that trial counsel's performance was deficient in his failure to request an interpreter. Accordingly, I would also overrule Abouelhana's second assignment of error and affirm the decision of the trial court denying his motion for a new trial.

APPEARANCES:

JACK W. BRADLEY, Attorney at Law, for Appellant.

J. D. TOMLINSON, Prosecuting Attorney, and LINDSEY C. POPROCKI, Assistant Prosecuting Attorney, for Appellee.