[Cite as *State v. Little*, 2023-Ohio-2093.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No. 22CA011896 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| TERRY LITTLE | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 07CR074162 |

DECISION AND JOURNAL ENTRY

Dated: June 26, 2023

FLAGG LANZINGER, Judge

{¶1} Terry Little appeals from the judgment of the Lorain County Court of Common Pleas denying his petition for postconviction relief. This court affirms.

I.

{¶1} In a prior appeal, this Court set out the pertinent facts and procedural history of this case as follows:

> In 2009, Little was convicted of aggravated murder and numerous additional offenses. His convictions stemmed from the death of Lewis Turner, who was shot and killed on July 30, 2007. The trial court imposed a total sentence of 30 years to life in prison. Little filed a direct appeal to this Court and his convictions were affirmed. *State v. Little*, 9th Dist. Lorain No. 10CA009758, 2011-Ohio-768 [("*Little I*")].
>
> While his appeal was pending, Little filed a petition for post-conviction relief. The trial court issued a journal entry with findings of fact and conclusions of law denying the petition.[1]

---

[1] Mr. Little filed a petition to vacate or set aside judgment of conviction on July 29, 2010. The trial court denied the petition on August 16, 2010, and Mr. Little did not appeal its decision.

Several years later, on August 11, 2017, Little filed a pro se motion for leave to file a motion for new trial in addition to a pro se motion for new trial based on newly discovered evidence. After reviewing the record and the applicable law, the trial court denied the motion for new trial.

*State v. Little*, 9th Dist. Lorain No. 20CA011662, 2021-Ohio-1446, ¶ 2 ("*Little III*"), quoting *State v. Little*, 9th Dist. Lorain No. 17CA011210, 2018-Ohio-5267, ¶ 2-4 ("*Little II*"). "Mr. Little appealed the trial court's denial of his motion for a new trial, and this Court affirmed." *Little III* at ¶ 2, *citing Little II* at ¶ 16.

{¶2} In 2020 Mr. Little filed a pro se "Motion to Correct Void Sentence; Failure to Properly Impose Post-Release Control Pursuant to R.C. 2929.191" with the trial court, arguing that the court had improperly imposed post-release control in this matter. The trial court denied the motion in a journal entry filed on July 23, 2020. *Little III* at ¶ 3. Mr. Little appealed the trial court's denial of his motion to correct void sentence, and this Court affirmed, holding it as a successive petition for postconviction relief. *Id*. at ¶ 7, 13.

{¶3} On June 14, 2022, Mr. Little filed what he captioned a "jurisdictional assessment for post-conviction relief" and a separate successive postconviction petition with the trial court. The trial court denied both motions in a journal entry filed on August 8, 2022. The court explained that Mr. Little's petition for postconviction relief was untimely and wholly lacking in merit.

{¶4} Mr. Little now appeals from the trial court's judgment denying his petition for postconviction relief and raises three assignments of error for this Court's review. We have consolidated his assignments of error because they require the same analysis.

II.

## ASSIGNMENT OF ERROR I

**TRIAL COURT ABUSED ITS DISCRETION DENYING APPELLANT'S SUCCESSIVE PETITION FOR POSTCONVICTION RELIEF WITHOUT HOLDING AN EVIDENTIARY HEARING WHEN NEW FACTS REVEALED TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT IN DUE PROCESS BY DEPRIVING HIM OF THE 6TH AND 14TH AMENDMENT OF THE UNITED STATES CONSTITUTION AND OHIO CONSTITUTION ARTICLE SECTION 16, WHEN MEDIA REPRESENTATIVES INTERFERED WITH FAIR TRIAL RIGHTS BY RECORDING AND UPLOADING HIS WITNESS TESTIMONY ONTO YOUTUBE WITHOUT PRIOR PERMISSION**

## ASSIGNMENT OF ERROR II

**TRIAL COURT ABUSED ITS DISCRETION WHEN IT MADE AN UNREASONABLE DETERMINATION TO DENY APPELLANT'S SUCCESSIVE PETITION FOR POSTCONVICTION RELIEF WHEN APPELLANT DEMONSTRATED THAT THE TRIAL COURT[']S FAILURE TO FOLLOW THE MANDATED DIRECTIVES OF OHIO SUPERINTENDENCE RULE 12(A) AND (C) WAS UNCONSTITUTIONAL VIOLATING APPELLANT'S DUE PROCESS RIGHTS TO A FAIR PUBLIC TRIAL**

## ASSIGNMENT OF ERROR III

**TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S SUCCESSIVE PETITION FOR POSTCONVICTION RELIEF AND SUPPORTING DOCUMENTS WITH A PREJUDICIAL DECISION AFTER APPELLANT PROVIDED SUBSTANTIAL FACTS TO SUPPORT STRUCTURAL ERROR ATTACHED TO HIS TRIAL WHEN THE MEDIA UNLAWFULLY RECORDED AND PUBLISHED APPELLANT'S WITNESS TESTIMONY ONTO YOUTUBE PROCEDURALLY VIOLATING LITTLE'S OHIO AND UNITED STATES CONSTITUTIONAL RIGHT TO A FAIR TRIAL**

{¶5} In his three assignments of error, Mr. Little argues his due process rights were violated when certain media outlets recorded portions of his trial without prior authorization. Mr. Little asserts that the recordings of the trial proceedings were not authorized by the trial court and

therefore affected his right to a fair trial. Mr. Little argues that the trial court erred when it denied his petition for postconviction relief. For the following reasons, this Court disagrees.

{¶6} A postconviction proceeding is a collateral civil attack on a criminal judgment, in which the petitioner receives no more rights than those granted by the statute. *State v. Calhoun*, 86 Ohio St.3d 279, 281 (1999). R.C. 2953.21(A)(1)(a)(i) states that anyone "may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief" if that person: "has been convicted of a criminal offense * * * and * * * claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States[.]"

{¶7} A vaguely titled motion may be treated as a petition for postconviction relief under R.C. 2953.21(A)(1) when the motion was filed after a direct appeal, alleges a denial of constitutional rights, seeks to render the judgment void or voidable, and requests that the judgment and sentence be vacated. *State v. Nichols*, 9th Dist. Summit No. 29228, 2019-Ohio-3084, ¶ 8; *State v. Reynolds*, 79 Ohio St.3d 158, 160 (1997). Mr. Little's "jurisdictional assessment for post-conviction relief" meets these requirements and may therefore be considered appropriately as a petition for postconviction relief.

{¶8} This Court generally reviews a trial court's decision denying a petition for postconviction relief under an abuse of discretion standard. *Nichols* at ¶ 10. "Our standard of review is de novo, however, when the trial court denies a petition solely on the basis of an issue of law." *Id*. "Whether a defendant's post-conviction relief petition satisfied the procedural requirements set forth in R.C. 2953.21 and R.C. 2953.23 is an issue of law." *State v. Childs*, 9th

Dist. Summit No. 25448, 2011-Ohio-913, ¶ 9. Here, the trial court found Mr. Little's petition was untimely. Our standard of review in this matter is therefore de novo.

{¶9} Pursuant to R.C. 2953.21(A)(2)(a), a petition filed under R.C. 2953.21(A)(1)(a), "shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication[.]" Here, there is no dispute that Mr. Little did not file a timely petition under R.C. 2953.21(A)(2)(a). The trial transcript was filed in Mr. Little's direct appeal on August 6, 2010. He filed his petition in this matter on June 14, 2022, more than ten years after the statutory deadline. Apart from being untimely, Mr. Little's petition is also successive, as the record reveals he filed two other petitions for postconviction relief in 2017 and 2020.

{¶10} "A trial court does not have jurisdiction to hear an untimely petition for postconviction relief unless the requirements of R.C. 2953.23(A) are met." *State v. Dennard*, 9th Dist. Lorain No. 17CA011199, 2019-Ohio-2601, ¶ 6. As this Court has stated, the petitioner must satisfy certain requirements:

> First, [he] must show that [he] was unavoidably prevented from discovering the facts [he] relies on or that, subsequent to the R.C. 2953.21(A)(2) deadline, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in [his] situation, and the petition asserts a claim based on that right. R.C. 2953.23(A)(1)(a). Second, [he] must show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which [he] was convicted * * *."

*State v. Burton*, 9th Dist. Summit No. 28359, 2017-Ohio-7588, ¶ 8. When dealing with petitions for postconviction relief, Ohio courts have stated that "[t]he phrase 'unavoidably prevented' means that a defendant was unaware of those facts and was unable to learn of them through reasonable diligence." *Id.* at ¶ 9, quoting *State v. McDonald*, 6th Dist. Erie No. E-04-009, 2005-Ohio-798, ¶ 19. *See also State v. Short*, 8th Dist. Cuyahoga No. 82246, 2003-Ohio-3538, ¶ 9.

{¶11} Mr. Little asserts that he was unavoidably prevented from discovering the facts upon which he relies for his claims for relief. Mr. Little argues he was unaware that the media recorded a portion of his trial court proceedings until he recently learned some of those proceedings appeared on YouTube. Mr. Little submitted documents to support his petition which evidenced that Chronicle Telegram submitted media requests to the trial court on December 8, 2009. Both media requests were granted by the trial court and entered onto the docket. "By definition, something that is discernible in the record would not be something a defendant has been unavoidably prevented from discovering." *State v. Burton*, 9th Dist. Summit No. 28359, 2017-Ohio-7588, ¶ 9, quoting *State v. Beechler*, 2d Dist. Clark No. 2016-CA-44, 2017-Ohio-1385, ¶ 28. Because those documents were made part of the record at the time of Mr. Little's trial, Mr. Little cannot demonstrate that he was unavoidably prevented from discovering the fact that his testimony was recorded. Moreover, YouTube is a public social media platform that has existed since 2005. Mr. Little could have discovered the posted video with reasonable diligence.

{¶12} Mr. Little failed to demonstrate the applicability of an exception under R.C. 2953.23(A). Therefore, the trial court could not consider his untimely and successive petition. The trial court properly denied his petition for postconviction relief on those grounds.

{¶13} For the above reasons, Mr. Little's first, second, and third assignments of error are overruled.

III.

{¶14} Mr. Little's first, second, and third assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JILL FLAGG LANZINGER
FOR THE COURT

SUTTON, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

TERRY LITTLE, pro se, Appellant.

J.D. TOMLINSON, Prosecuting Attorney, and LINDSEY C. POPROCKI, Assistant Prosecuting Attorney, for Appellee.