[Cite as *State v. Elliott*, 2025-Ohio-804.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. Robert G. Montgomery, J. |
| | : | Hon. Kevin W. Popham, J. |
| -vs- | : | |
| | : | |
| BRENT ELLIOTT | : | Case No. 2024CA0021 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:   Appeal from the Coshocton County
Court of Common Pleas, Case No.
23 CR 0098

JUDGMENT:   Affirmed

DATE OF JUDGMENT:   March 10, 2025

APPEARANCES:

For Plaintiff-Appellee

CHRISHANA L. CARROLL
Assistant Prosecuting Attorney
Coshocton County, Ohio
318 Chestnut Street
Coshocton, OH  43812

For Defendant-Appellant

CHRISTOPHER BAZELEY
9200 Montgomery Road
Suite 8A
Cincinnati, OH  45242

*Montgomery, J.*

**{¶1}** The Appellant appeals the sentence to his conviction of Kidnapping in violation of R.C. 2905.01. Appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND THE CASE

**{¶2}** On January 22, 2024, Appellant was indicted on one count of Kidnapping, in violation of R.C. 2905.01, a Felony of the First Degree.

**{¶3}** On February 12, 2024, Appellant was arraigned for the above charge and a public defender was provisionally appointed. Appellant initially entered a plea of not guilty. On February 14, 2024, counsel requested discovery, and documents were properly exchanged with any new discovery supplemented as appropriate. On May 8, 2024, a pretrial conference was conducted with trial scheduled for July 16, 2024, and July 17, 2024.

**{¶4}** On July 15, 2024, a change of plea hearing was held. Appellant appeared with counsel and the State informed the court that pursuant to Rule 11 negotiations, Appellant would enter a guilty plea to the single count contained in the indictment. In exchange for said plea, the State agreed to take no position regarding sentencing and judicial release and would not object to a pre-sentence investigation report.

**{¶5}** Appellant subsequently entered a plea of guilty to Kidnapping, a felony of the first degree. Appellant also executed a written plea of guilty and waiver of a trial by jury in open court. The trial judge inquired of Appellant and his counsel on the record and subsequently accepted Appellant's plea of guilty.

**{¶6}** Prior to imposing sentence, the trial judge afforded Appellant the opportunity to speak in open court and Appellant made a statement. After Appellant addressed the

trial court, the court heard from the victim and State prior to the imposition of sentence. No other statements were made by either party during this portion of the hearing. The court also considered a Pre-Sentence Investigation and report that was furnished to Appellant's counsel and the State prior to sentencing.

{¶7} The court imposed an indefinite term of incarceration of eight to twelve years. Appellant filed an appeal on December 2, 2024, and sets forth the following assignment of error:

{¶8} "I. THE TRIAL COURT VIOLATED ELLIOT'S RIGHT TO ALLOCUTION BY FAILING TO LET HIM SPEAK AT THE APPROPRIATE TIME."

## SOLE ASSIGNMENT OF ERROR

{¶9} The appellant argues in his sole assignment of error that the trial court erred by not allowing him to speak *after* the state and the victim made their statements to the court. In other words, appellant argues the trial court violated his right to allocution by failing to let him speak at the *appropriate time*. We disagree.

## STANDARD OF REVIEW

{¶10} Crim. R. 32 (A) (1) generally speaks to a defendant's right of allocution. It states that "at the time of imposing sentence, the court shall afford counsel the opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment."

{¶11} A defendant's right to allocution is absolute and is not subject to waiver by failing to object. *State v. Campbell*, 2000-Ohio-183 at 324-325. If the trial court imposes sentence without affording the defendant an opportunity to allocate, resentencing is

required *unless* the error was invited or harmless. *State v Beasley*, 153 Ohio St. 3d 497, 2018-Ohio-493, 200, 108 N.E. 3d 1028. An error is harmless when it does not affect the defendant's substantial rights. *See* Crim.R. 52(A). Importantly, the purpose of allocution is to permit the defendant to speak on his own behalf or present mitigating information such that a trial court does not err by limiting a defendant's presentence statement to those issues that bear upon the sentence and may have mitigative weight. *Beasley*, ¶ 200, citing *State v. Cedeno*, 8th Dist. Cuyahoga Nos. 102327 and 102328, 2015-Ohio-5412, 2015 WL 9460555, ¶ 38; *State v. Smith*, 2d Dist. Greene No. 94–CA–86, 1995 WL 655943, *2–3 (Nov. 8, 1995).

{¶12} "Whatever the court considers for sentencing should be either part of the presentence investigation ("PSI") or 'presented' at the sentencing hearing before allocution". *State v. Light*, 2023-Ohio-1187. If the trial court imposes sentence without affording the defendant an opportunity to allocate, resentencing is required unless the error was invited or harmless. State v. Beasley, 153 Ohio St. 3d 497, 2018-Ohio-493, 200, 108 N.E.3d 1028.

{¶13} As part of the plea agreement, the State agreed to take no position regarding sentencing. (Plea Agreement, p. 1; Trans. Plea, p. 2) At the sentencing hearing, the State reiterated statements that were made in a police report. (Trans. Sent., p 6) The victim also made a statement. The Appellant's sole issue of error is that he was not afforded an opportunity to speak after the State and victim made their statements.

{¶14} In *State v. Long*, 2016-Ohio-535, the defendant was directly addressed by the court and asked if he'd like to make a statement prior to the court imposing its' sentence. The defendant made a statement to the court. The court then had a discussion

regarding the information contained in the PSI. The defendant requested an opportunity to address the court a second time and the court denied his request. The defendant in this case had possession of the PSI and victim-impact statements prior to the sentencing hearing. The court found that no new information was presented to the court so the need to allow the defendant another chance to speak was not necessary.

{¶15} In this case, the Appellant was afforded the opportunity to speak based on the information in the PSI, District 9 reports and victim statement that were provided to him prior to his allocution. Neither the State, nor the victim, provided any new material facts in their statements made to the court. *The statements made by the State and victim were a reiteration of information that was contained in reports provided to the Appellant prior to the sentencing hearing.* No new or material evidence was given or considered by the Court after the Appellant's allocution.

{¶16} Neither the appellant's attorney, nor Appellant objected to his right to re-allocution during the sentencing hearing. *State v. Fenderson*, 2023-Ohio-2093 found that the defendant failed to object or otherwise raise the issue before the court, thereby waiving all by plain error. "Plain error should only be found in exceptional circumstances and only to prevent a manifest miscarriage of justice." *Id.* The *Fenderson* court went on to find that "a defendant does not have the right to respond to a victim's statement unless the statement includes new material facts, and the court relies on those facts." *Id.* 58 citing R.C. 2930.14(B).

{¶17} As in *Fenderson*, Appellant herein was afforded his right to allocution and made a statement to the court prior to sentencing. Appellant has failed to present evidence that the statements made by the victim and the State, after his statement,

presented new material facts that were unknown to Appellant prior to sentencing. Appellant further failed to show that the court improperly relied upon the statements made by the State and the victim when issuing its' sentence.

## CONCLUSION

**{¶18}** Based upon the foregoing, we find Appellant's assignment of error is without merit and is therefore overruled. The judgment of the Coshocton County Common Pleas Court is hereby affirmed. Costs are assessed to Appellant.

By: Montgomery, J.

Hoffman, P.J. and

Popham, J. concur.